## LEWIS and others vs. LARSON.

CERTIORARI: JURISDICTION: TENDER. *(1)* Certiorari *to J. P. raises question of jurisdiction only.* *(2) Deposit of check no tender.* *(3) Effect of tender on jurisdiction.*

1. The judgment of a justice of the peace, however irregular, will not be reversed on a common-law *certiorari* if he had jurisdiction to render it.
2. In an action in justice's court on contract for the payment of money, the deposit by defendant with the court, after issue joined, of a *check* for the amount then due, including costs, is not a good tender, and does not deprive the justice of jurisdiction to render a judgment in the action.
3. Even where a tender is made by defendant, and the money paid into court, plaintiff may contest the sufficiency of such tender; and, the justice having jurisdiction to render a judgment, if such judgment is for the wrong party or for an excessive amount, that is merely error.

APPEAL from the County Court of *Winnebago* County.

Action commenced before a justice of the peace to recover for goods sold and delivered by the plaintiffs to the defendant. On the return day of the summons, the parties appeared and joined issues, and the cause was adjourned one week. On the adjourned day, the parties again appeared, and (quoting from the docket of the justice) "defendant pays by check made by J. W. Edwards in the amount of $138.80, to be taken by plaintiff and applied as follows: first, to payment of the costs; balance on or against the claim, so far as the same may go." The plaintiffs then called the defendant as a witness, and his testimony proved their claim. The justice rendered judgment for the plaintiffs for the amount of their claim and the costs of the

actiôn; exceeding in the aggregate the sum for which the check was drawn, by $10.71. The excess is for attorney's fees in the action, and the costs accruing after the check was delivered to the justice. The plaintiffs afterwards took the check, and allowed the same at its face, on the judgment.

Defendant removed the cause to the county court by *certiorari;* that court affirmed the judgment of the justice; and defendant appealed from such judgment of affirmance.

The cause was submitted on the brief of *A. K. Brush* for the appellant, and that of *Hooper & Buxton* for the respondents.

LYON, J. The judgment of a justice of the peace will not be reversed on a common-law *certiorari*, if the justice had jurisdiction to render it, no matter how irregular or erroneous it may be. Hence, in the present case, the only question for the county court to determine was, whether the justice had jurisdiction to render any judgment in the action; and that is the only question to be determined on this appeal. *Owens v. The State*, 27 Wis., 456; *Mil. Iron Co. v. Schubel*, 29 id., 444; *The State v. Huck*, id., 202; *Coffee v. City of Chippewa Falls*, 36 id., 121; *Varrell v. Church*, id., 318; *Wardsworth v. Sibley*, 38 id., 484; *Callon v. Sternberg*, id., 539.

The justice had jurisdiction of the subject matter of the action, and of the parties. Hence he had jurisdiction to render judgment therein, unless it was taken away by the deposit of the check. We are not aware of any rule of law which gives that effect to the deposit. Even had a tender been made, whether before the action was commenced, or, pursuant to the statute (R. S. 1858, ch. 126, sec. 9), after it was commenced, and had the money tendered been duly paid into court, it would still have been competent for the plaintiffs to contest the sufficiency of the tender; and judgment would have gone for them if the tender was insufficient (at least for the sum tendered), and for the defendant if the tender was sufficient. *Schnur v. Hickcox, ante,* p. 200. In this case there was no valid tender either under the statute or at common law.

In any view of the case, therefore, the justice had jurisdiction to render a judgment. ⸱

*By the Court.* — Judgment affirmed.