## ALFORD vs. JACOBSON.

CERTIORARI: JUSTICE'S COURT: JURISDICTION. *Failure of nonresident defendant in attachment to give security for costs.*

1. On *certiorari* to a justice's court, the only question in the circuit court (or in this court on appeal thereto), is that of the justice's jurisdiction. *Lewis v. Larson,* 45 Wis., 353; *Brandies v. Robinson,* id., 464.

2. It is settled in this court, that, in an action commenced in justice's court by attachment, the failure of the plaintiff to give, or of the justice to require from him, security for the costs, even when error, is not jurisdictional. *Conrad v. Cole,* 15 Wis., 545; *Taylor v. Wilkinson,* 22 id., 40.

3. Whether it is even error to render judgment for a nonresident plaintiff in such a case without having required him to give security for costs, where defendant has not appeared, *quære.*

APPEAL from the Circuit Court for *Milwaukee* County.

This action was commenced before a justice of the peace by attachment. The affidavit for the writ is in due form. It was made by an agent of the plaintiff, and, as one of the reasons why it was so made, it is stated therein that the plaintiff is not a resident of this state. The property of the defendant was seized by virtue of the writ, and the writ was duly and personally served upon him by a proper officer. On the return day and hour, the plaintiff appeared before the justice, and declared against the defendant on a promissory note on file. The defendant failed to appear. The cause was tried, and judgment rendered against the defendant for the sum appearing due on the note by its terms, and for costs.

The justice did not require the plaintiff to give security for costs, and none was given. In all other respects, it is conceded that the proceedings in the action before the justice were regular.

The defendant removed the cause to the circuit court by *certiorari,* and that court reversed the judgment of the justice. The plaintiff appealed from the judgment of reversal.

For the appellant, there was a brief by *Geo. W. & Chas. W. Lakin,* and oral argument by *Chas. W. Lakin.*

*H. A. J. Upham,* for the respondent.

LYON, J. The cause having been removed to the circuit court by *certiorari,* the only question for that court to determine was, whether the justice had jurisdiction to render the judgment; and that is the only question presented by this appeal. *Lewis v. Larson,* 45 Wis., 353, and cases cited; *Brandies v. Robinson,* id., 464.

That the justice had jurisdiction of the subject matter of the action, and that by personal service of the process he obtained jurisdiction of the person of the defendant, is not denied. But it appeared, by the affidavit for the attachment, that the plaintiff was not a resident of this state; and it is claimed, and the learned circuit judge so held, that the failure of the justice to require the plaintiff to give security for the costs ousted his jurisdiction, and hence, that the judgment is *coram non judice.*

However ingenious the argument of the learned counsel for the defendant in support of the claim may be, the proposition has been twice ruled against him by this court. *Conrad v. Cole,* 15 Wis., 545, was decided upon the hypothesis that the plaintiff was a nonresident of this state; and it was held that, by going to trial without security for costs having been required or asked, the defendant waived such security. This was held on the express ground that the failure of the justice to require the plaintiff to give the security did not deprive him of jurisdiction of the cause. *Conrad v. Cole* was followed and approved in *Taylor v. Wilkinson,* 22 id., 40, where it was again held that the neglect to require a nonresident plaintiff to give security for costs is not a jurisdictional error. True, in that case it did not appear that the plaintiff was a nonresident of this state, but the justice made an order, which was not complied with, requiring him to give such security. This

order brought the case within the provisions of sec. 12, ch. 120, R. S. That section places a resident plaintiff who has been required by the justice to give security for costs, and a nonresident plaintiff, on precisely the same ground. In one case the requirement is by the justice, in the other, by the statute; but the result of a neglect to give the security is the same in both cases.

The rule of these cases has never been disturbed, and we are not aware that its accuracy has since been challenged in this court until this appeal was argued. We are clearly of the opinion that the rule is applicable to this case.

Were the question now first presented, we think we should have no difficulty in holding, on principle, that the failure of a nonresident plaintiff to give security for costs, in a case pending before a justice of the peace, does not deprive the justice of jurisdiction to render judgment against the defendant. Such is the doctrine of *Salter v. Hilgen*, 40 Wis., 363, and *Pier v. Amory*, id., 571. The discussion in those cases of the distinction between mere irregularity and an entire want of jurisdiction need not be repeated here.

We do not determine that the failure of the justice in this case to require the plaintiff to give security for costs is an irregularity. It was said in *Conrad v. Cole*, that the statute was enacted for the benefit of the defendant. If he fails to appear and demand the security, it may well be doubted whether he can be heard to complain that none was given.

Our judgment, however, goes upon the ground that the question under consideration has been determined against the defendant by the former adjudications, and is not now an open question in this court.

*By the Court.* — The judgment of the circuit court is reversed, and the cause will be remanded with directions to that court to affirm the judgment of the justice.