STATE EX REL. GASTER, Plaintiff in error, vs. WHITCHER, Sheriff, Defendant in error.

*April 20—May 8, 1903.*

Certiorari: Habeas corpus: *Office of writs:* Res judicata: *Jurisdictional error: Appeal and error.*

1. Except where a writ of *certiorari* is used in an ancillary proceeding it has no legitimate use except to try the validity, on jurisdictional grounds, of some judicial or *quasi*-judicial determination.

State ex rel. Gaster v. Whitcher, 117 Wis. 668.

2. Except where a writ of *habeas corpus* is used in an ancillary proceeding, the only office thereof is to initiate proceedings in the nature of an action to test the right to personal liberty, only jurisdictional questions being involved, in the judicial or *quasi*-judicial proceedings upon which the right to detain the person whose liberty is claimed is based.

3. A writ of *certiorari* reaches and requires the production of a judicial or *quasi*-judicial record, but never the body of any person, while a writ of *habeas corpus* reaches the latter but not the former. When the latter writ is used for its general purpose, the former may, in aid of it, be used for its particular purpose.

4. The suing out of a writ of *habeas corpus* is to all intents and purposes the commencement of an action wherein there is, in effect, a plaintiff and a defendant, and the final decision of the court or officer in the proceedings, within its or his jurisdiction to decide, is *res judicata* and binding upon all courts till set aside by some appropriate proceeding for reviewing judicial errors.

5. The idea that every error in deciding upon the merits in a *habeas corpus* action is jurisdictional error has no place in our judicial system.

6. Where error is claimed in deciding upon the merits, either in favor of or against the person whose liberty is involved, and it is desired to have the same reviewed here, since the change in the Code whereby the decision in a *habeas corpus* proceeding may be brought to this court by writ of error by either side, each step therein to that end must be appropriate for the review of judicial error.

7. A writ of *habeas corpus* having been sued out before a circuit court commissioner to test the right of a person to his liberty who is in legal custody, in form, upon the decision of an examining magistrate holding him for trial before the circuit court upon a criminal charge, and such commissioner having proceeded in due form to a decision in the matter against the petitioner, a writ of *certiorari* to review such decision before the circuit court challenged only the commissioner's jurisdiction to make it, and did not raise the question of whether in making it he committed judicial error.

8. In the case above stated a writ of error to test the question of whether the circuit court rightly affirmed the commissioner, reaches only the question of whether such court erred in holding that the commissioner acted within his jurisdiction.

[Syllabus by MARSHALL, J.]

ERROR to review an order and judgment of the circuit court for Kenosha county: E. B. BELDEN, Circuit Judge. *Affirmed.*

Plaintiff in error, by an examining magistrate, in due form of law, was held for trial at the circuit court for Kenosha county, Wisconsin, upon two charges of criminal bribery. One was alleged in the complaint to have been committed June 25, 1900; the other July 2, 1900. The particulars of the charge in the first count differ from those in the second only in the amount of money alleged to have been paid for official influence and action. The description of the offense of June 25, 1900, was in the main as follows: June 25, 1900, at the city of Kenosha, in said county, *John Gaster,* being then an alderman of the city of Kenosha and a member of its common council, did unlawfully, feloniously and corruptly solicit, accept and receive, and agree to receive, of a person named, a specified consideration, including $50 in money, upon an agreement that his vote, opinion, judgment, and action should thereby be influenced in favor of and that he should vote for the passage of a certain street railway ordinance, particularly described, then before such council for consideration, the person paying such consideration and entering into such corrupt agreement with said *Gaster* knowing of the latter's official position.

The accused was admitted to bail and subsequently surrendered to the sheriff of Kenosha county by his bondsmen. Thereupon he sued out of the circuit court for Kenosha county a writ of *habeas corpus,* returnable before a circuit court commissioner, to test the legality of his detention under the proceedings before the examining magistrate. The ground of illegality alleged in the petition for the writ was that there was no evidence before the committing magistrate warranting the conclusions reached by him. Due return was made to the writ. The result of the proceeding was that the

jurisdiction of the committing magistrate was sustained and the accused was remanded accordingly.

Thereafter, while he was in custody pursuant to such remand, upon a petition setting forth the history of all the proceedings before the committing magistrate and the subsequent proceedings mentioned, and alleging that the decision of the commissioner was erroneous and of no effect because there was no evidence warranting the conclusions reached by the committing magistrate, a writ of *certiorari* was sued out of the circuit court to test the validity of the decision in the *habeas corpus* proceedings. Due return was made to the writ and such proceedings were thereafter had in the matter upon the record that the order of the commissioner was affirmed. A writ of error was then sued out to bring the order and judgment of affirmance, and all the proceedings upon which the same were based, before this court for review.

*Wallace Ingalls,* for the plaintiff in error.

For the defendant in error there was a brief signed by *Albert E. Buckmaster,* district attorney, and by the *Attorney General,* and the cause was argued orally by *W. D. Corrigan,* second assistant attorney general, and by *Mr. Buckmaster.*

MARSHALL, J. The question before us for decision is not whether the examining magistrate committed jurisdictional error in deciding that a proper case was presented to him upon the complaint and the evidence for holding the accused for trial, but whether the court commissioner, in the *habeas corpus* action, committed jurisdictional error in deciding that the examining magistrate did not commit such error. That is a situation evidently not comprehended by counsel upon either side, who probably shaped their course in the light of *State ex rel. McCaslin v. Smith,* 65 Wis. 93, 26 N. W. 258, and *Wright v. Wright,* 74 Wis. 439, 43 N. W. 145. A writ of *certiorari* reaches only jurisdictional errors, when sued out

to test the validity of some judicial or *quasi*-judicial proceeding. It has no other use, except to bring before the court a record material to be considered in exercising jurisdiction in deciding a matter presented by some other writ. *State ex rel. Fourth Nat. Bank v. Johnson,* 103 Wis. 591, 79 N. W. 1081. But in the case before us it was so used. A writ of *habeas corpus* reaches the body but not the record; it also reaches jurisdictional matters, but it does not reach the record. A writ of *certiorari* reaches the record but not the body. So when jurisdiction is obtained by the issuance of a writ of *habeas corpus* to bring the body of the person whose liberty is involved into court, if it be necessary to produce the record upon which his detention is based, that may be accomplished by using the writ of *certiorari* as an ancillary proceeding. When it is used as the foundation for jurisdiction to bring up and decide upon the validity of a judicial determination by any body or officer, jurisdictional questions only are reached, and such questions pertaining to the determination made by the officer or body particularly complained of. *Barnes v. Schmitz,* 44 Wis. 482; *Alford v. Jacobson,* 46 Wis. 574, 1 N. W. 233; *State ex rel. Durner v. Huegin,* 110 Wis. 189, 85 N. W. 1046; *State ex rel. Augusta v. Losby,* 115 Wis. 57, 67, 90 N. W. 188.

The practice of testing the validity of decisions of circuit court commissioners in *habeas corpus* proceedings by writ of *certiorari,* no question being raised other than that the commissioner did not decide right upon the merits of the application, grew up apparently unchallenged from the ancient rule, having now no place in our jurisprudence, that a person illegally restrained of his liberty may have successive writs of *habeas corpus* till he finally vindicates his right; that the decision upon one writ is not *res judicata* upon a subsequent writ involving the same matter; and that failure to decide favorably to the right to be set at liberty, if error at all, is jurisdictional error. It must now be considered that where

there is jurisdiction to hear the proceedings upon the writ, error in deciding the questions involved is judicial error. In short, a judicial officer, in such a matter, has the same jurisdiction to commit error as he has in deciding a question presented in any other action. Therefore, the proceedings to obtain a review thereof must necessarily be appropriate to reach judicial, not jurisdictional errors.

The last relic of the practice that all errors committed in *habeas corpus* proceedings are jurisdictional errors and therefore that in case of a challenge of a decision upon writ of error or *certiorari* a decision relievably wrong at all may properly be regarded as jurisdictionally wrong, was swept away by the statutory change giving the state as well as the accused the benefit of a writ of error to obtain a review of a judgment in a *habeas corpus* action before this court. Now the suing out of a writ of *habeas corpus* is in effect the commencement of an action wherein there is a plaintiff and defendant. The conclusion reached in the first instance, whether it be by a judge at chambers or a circuit court commissioner exercising the powers of a judge at chambers, within the jurisdiction of the officer to decide at all, is *res judicata* till set aside by some subsequent proceeding in the same matter according to the legal procedure for reviewing judicial errors. *State ex rel. Durner v. Huegin,* 110 Wis. 189, 85 N. W. 1046.

It is well understood, generally speaking, that a circuit court commissioner, in deciding questions which he has jurisdiction to decide, does not commit jurisdictional error merely because of reaching a wrong conclusion. A decision in a *habeas corpus* action now stands in no different position than one in any other proceeding. If it be desired to review it upon the merits a motion should be made in the ordinary way for a review before the circuit court. *In re Hammer,* 113 Wis. 96, 89 N. W. 111. If it be desired thereafter to present the question of whether the decision rendered is right, a writ of error may be sued out of this court for that purpose.

As no question was brought before the circuit court upon the writ of *certiorari* except as to whether the court commissioner committed jurisdictional error, and it is not claimed that he exceeded his jurisdiction but only that he decided wrong upon the merits in acting within such jurisdiction, manifestly the circuit court could not legitimately have acted otherwise than to confirm his order.

*By the Court.*—The order and judgment are affirmed.