HELLER and others, Plaintiffs in error, vs. FRANKE, Sheriff, Defendant in error.

*May 5—June 1, 1911.*

Habeas corpus: *Second writ:* Res judicata: *Review on writ of error.*

1. An order made in *habeas corpus* proceedings remanding the prisoner to the custody of the sheriff and fixing bail is *res judicata* as to the issues involved until reversed in some proper proceeding.
2. Such an order is subject to review on writ of error under sec. 3043, Stats. (1898), notwithstanding the provision in the order for the giving of recognizance.

ERROR to review an order of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

This case is here upon writ of error to review an order or judgment made upon *habeas corpus* remanding the prisoners to the custody of the sheriff. The facts in the case appear from the allegations of the warrant on which the prisoners were held. The following is a copy of the warrant, Exhibit A, referred to in the return:

*"Exhibit A (Warrant).*

"In the District Court of the County of Milwaukee, State of Wisconsin, Milwaukee County—ss.

*"The state of Wisconsin, to the sheriff or any constable of said county, or any police officer of the city of Milwaukee:*

"Whereas, Richard Vogt has this day complained in writing to the district court of the county of Milwaukee, on oath, that on and prior to the first day of October, A. D. 1906, at the city of Milwaukee, in the county of Milwaukee, and state of Wisconsin, the Allied Printing Trades Council of the city and county of Milwaukee and state of Wisconsin was and still is an association and union of workingmen, then and there engaged as printers, pressmen and other craftsmen of kindred trades in manufacturing and producing printed matter, goods and merchandise; that said association and union, for its pro-

tection, on and prior to the date aforesaid, had adopted and used a label, trade-mark, design, device and form of advertisement, for the purpose of announcing that such printed matter, goods and merchandise, upon which such label, trademark, design, device and form of advertisement was printed, impressed, attached or affixed, was printed, manufactured and produced by a member or members of such association or union, and which said label, trade-mark, design, device and form of advertisement was then and there, and for a long time theretofore had been, printed, impressed or affixed upon the printed matter, goods, and merchandise printed, manufactured or produced by a member or members of said association or union aforesaid; that said label, trade-mark, design, device and form of advertisement was on or about the 11th day of August, A. D. 1896, duly filed for record and recorded in the office of the secretary of state of the state of Wisconsin, as required by the laws of the state of Wisconsin, as the label, trade-mark, design, device and form of advertisement of the said union and association, and for their protection, of which said genuine label, trade-mark, design and form of advertisement the following is a *facsimile: [Label.]*

"That on the first day of October, A. D. 1906, at the county of Milwaukee, in the state of Wisconsin, *Max Heller, Hugo Heller* and *William Heller*, said defendants, then and there being the officers of a certain corporation, namely, the Milwaukee Printing Company, did then and there unlawfully, knowingly and wilfully, use and display the said genuine label, trade-mark, design, device and form of advertisement of the said association and union, the Allied Printing Trades Council, of the city and county of Milwaukee, Wisconsin, theretofore adopted, used and registered by said association and union as aforesaid, upon the printed matter, goods and merchandise, and in and about the sale thereof of said Milwaukee Printing Company then and there printed, produced, manufactured and sold by the said *Max Heller, Hugo Heller* and *William Heller,* said defendants, as officers of said Milwaukee Printing Company in this: that they did then and there unlawfully, knowingly and wilfully print, produce and manufacture for and sell to one Charles Ross certain theatrical admission tickets, having printed and impressed thereon the following words, and the said genuine label, trade-mark, design,

device and form of advertisement of said association and union, as following, to wit:

" 'The Light House Robbery, presented by the Ross Stock Co., at the Humboldt Hall, Sun. Oct. 14, 1906. Admission 15c. Performance after 6 p. m., 25c, 2:45 p. m.' [*Label.*]

"The said defendants, *Max Heller, Hugo Heller* and *William Heller,* and the said Milwaukee Printing Company, not being, and none of them being then and there, authorized to so use or display said genuine label, trade-mark, design, device and form of advertisement of said association and union by said association and union, said Allied Printing Trades Council of the city and county of Milwaukee, Wisconsin, contrary to the statutes in such case made and provided, and against the peace and dignity of the state of Wisconsin, and prays that said *Max Heller, Hugo Heller* and *William Heller* should be arrested and dealt with according to law. ·

"Now, therefore, in the name of the state of Wisconsin, you are commanded forthwith to apprehend the said *Max Heller, Hugo Heller* and *William Heller,* and bring them before the said district court to be dealt with according to law.

"Witness, the Hon. NEELE B. NEELEN, district judge of the county of Milwaukee, the 12th day of July, one thousand nine hundred and seven.

"JOHN WOLLER,

"Clerk of the Dist. Court.

"By Frank J. Gratza, Deputy."

The following is a copy of the return of the sheriff:

"The return of *Herman E. Franke,* sheriff of the county of Milwaukee, to the writ of *habeas corpus* hereto annexed:

"In obedience to the writ of *habeas corpus* hereto annexed, I do hereby certify and return to the fifth branch of the circuit court in and for the county of Milwaukee, the Honorable W. J. TURNER, Circuit Judge, presiding:

"1. That at the time of the service of the within writ upon me, I had and have the said *Max Heller, Hugo Heller* and *William Heller* in my custody.

"2. That before the coming to me of the within writ, the said *Max Heller, Hugo Heller* and *William Heller* were arrested at said county, upon the certain warrant issued out of and by the district court of Milwaukee county, whereof a copy

is hereto annexed marked Exhibit A; and on the 13th day of July, A. D. 1907, were thereupon and pursuant thereto brought before the said district court and arraigned, whereupon they each plead not guilty to the complaint upon which said warrant was issued and not guilty of the offense charged therein, and the action against them thereupon was, upon their motion and for cause shown, duly continued by said district court to the 26th day of July, A. D. 1907, at 2 o'clock in the afternoon, at the court room of said court; and the said *Max Heller, Hugo Heller* and *William Heller* then and there gave their recognizance as ordered by the court, for their appearance on said 26th day of July, A. D. 1907, and from time to time thereafter until discharged by law to answer the said complaint and charge preferred against them; that on said 26th day of July, A. D. 1907, at the time and place to which said action was continued as aforesaid, the said *Max Heller, Hugo Heller* and *William Heller,* in person and by their attorney appeared, demanded a jury trial and moved for a continuance of said action, whereupon, upon their motion and for cause, the said action was continued to the 2d day of August, A. D. 1907; that on the 1st day of August, A. D. 1907, the said *Max Heller, Hugo Heller* and *William Heller* were duly surrendered by their sureties to the then sheriff of Milwaukee county, by whom they were then and there detained by virtue of said warrant and the commitment from said district court and the papers and proceedings in said action.

"3. That while being so detained, a writ of *habeas corpus* issued by the Honorable Hugh Ryan, a court commissioner of the circuit court in and for the county of Milwaukee, was served upon said sheriff, who thereupon and in compliance therewith made return to said court commissioner wherein he certified and returned the cause of their detention as hereinbefore alleged.

"4. That said action was duly continued in said district court and is still pending therein.

"5. That such proceedings were had upon said writ of *habeas corpus* issued by the Honorable Hugh Ryan, court commissioner as aforesaid, that on or about October 15, 1910, the said court commissioner made and entered an order requiring said *Max Heller, Hugo Heller* and *William Heller* to

recognize in the sum of three hundred (300) dollars for their further appearance in said district court, or in default thereof that they be remanded to the custody of the sheriff of Milwaukee county.

"6. That thereupon the said *Max Heller, Hugo Heller* and *William Heller* did recognize in said sum for their appearance in said district court, and pursuant thereto did appear therein.

"7. That thereafter the said *Max Heller, Hugo Heller* and *William Heller* caused the order of said court commissioner to be reviewed by said circuit court, the Honorable W. J. TURNER, Judge, presiding; and that· thereupon the said circuit court made and entered its order affirming and sustaining the order and decision of the said court commissioner.

"8. That thereafter, and on the 30th day of November, A. D. 1910, the said *Max Heller, Hugo Heller* and *William Heller* were duly surrendered by their sureties to me as sheriff of Milwaukee county, and that they, the said *Max Heller, Hugo Heller* and *William Heller* since have been and now are each detained by me in my custody by virtue of said warrant and the commitment from said district court, the order of said court commissioner and other papers and proceedings in said action.

"9. That hereto annexed is a copy of said warrant and also of the complaint upon which it was issued, the originals of which, together with the commitment, recognizance and orders, and the certified copies of the commitment, order admitting to bail and undertaking delivered to me by their sureties upon their surrender, I produce and exhibit to you herewith.

"Nevertheless, I have the bodies of said *Max Heller, Hugo Heller* and *William Heller* before you this 30th day of November, A. D. 1910, at the place within mentioned, as I am within commanded.

                    "H. E. FRANKE,
                        "Sheriff of Milwaukee County, Wis.
                    "By Max Leweck, Undersheriff."

The petitioners demurred to the return of the sheriff on the following grounds:

"1. That said warrant is null and void, and charges no offense known to the laws of the state of Wisconsin.

"2. That the complaint upon which said warrant was is-

sued charges no offense known to the laws of the state of Wisconsin.

"3. That the act of the Wisconsin legislature, creating the offense set forth in said warrant and in said complaint, is unconstitutional and void, said act being chapter 201 of the laws of said state for 1901.

"4. That said act violates section 1 of article XIV of the amendments to the constitution of the United States.

"5. That said act violates section 8 of article I of the constitution of Wisconsin.

"6. That said act, and said warrant, and the proceedings in which said warrant was issued, violate the constitutional guarantees of due process of law, and violate the constitutional guarantee of the equal protection of the laws, and violate the law of the land.

"And the said *William Heller, Hugo Heller* and *Max Heller* further demur to the said return of said sheriff for the further reason that the said proceedings therein set forth upon *habeas corpus* before Hon. Hugh Ryan, court commissioner, and upon appeal before this court and the statement thereof in said return, do not constitute a valid ground of objection to the discharge of said petitioners upon the writ of *habeas corpus* served herein, and that said proceedings so set forth in said return are not *res adjudicata* upon this proceeding."

The court below overruled the demurrer and remanded the petitioners to the custody of the sheriff of Milwaukee county.

*Otto Dorner,* for the plaintiffs in error.

*Winfred C. Zabel,* district attorney, for the state.

On behalf of the defendant in error there was a brief by *W. B. Rubin* and *H. B. Walmsley,* as *amici curiæ,* representing the Allied Printing Trades Council.

KERWIN, J. Several interesting questions on the merits are presented in this case and ably argued on both sides. But we have concluded that they should not be treated upon this appeal, because the order upon the former *habeas corpus* is

not open to review except upon writ of error from this court. The question whether the order on the former *habeas corpus* is binding here has been exhaustively argued on both sides.

As appears from the statement of facts, the court commissioner on October 15, 1907, made an order remanding the prisoners to the custody of the sheriff and fixed their bail at $300. The prisoners obtained a review of this order by the circuit court for Milwaukee county and the court affirmed the order of the court commissioner. The issues in the first *habeas corpus* proceeding are the same as in the one now before us and the first order remains unreversed or modified. Counsel for plaintiffs in error insists that a writ of error will not lie to the first order because it includes in it the fixing of bail and therefore is not an order to which sec. 3043, Stats. (1898), applies. This section provides:

"Writs of error may issue of course out of the supreme court, in vacation as well as in term, returnable to that court, to review the order or judgment of any court discharging or remanding a person brought before it by writ of *habeas corpus,* or an order or judgment reversing or affirming the order of any judge or court commissioner discharging or remanding a person thus brought before him, and to review final judgments in actions triable by jury, except actions for divorce. The proceedings and judgment upon such writs shall be according to the course of the common law and the rules and practice of the supreme court, except as modified by this chapter."

The argument of counsel for plaintiffs in error is ingenious, but we think unsound. When the writ of *habeas corpus* was served the prisoners were detained by the sheriff, and the order made by the court commissioner was based upon the warrant and regularity of the proceedings. The legality of the detention was directly passed upon and the prisoners remanded, but allowed to recognize for their appearance. So it was adjudged both by the court commissioner and the circuit court that the detention was legal. This must be regarded

conclusive on the parties upon the issues determined, in the absence of review by this court. Therefore we are not called upon to consider the other questions argued so exhaustively and with so much ability here.

"An order or judgment in a *habeas corpus* suit is *res adjudicata* as to the persons charged with unlawfully restraining another of his liberty, till reversed in some proper proceeding." *State ex rel. Durner v. Huegin,* 110 Wis. 189, 85 N. W. 1046; *State ex rel. Gaster v. Whitcher,* 117 Wis. 668, 94 N. W. 787.

The main argument of counsel for plaintiffs in error is that *habeas corpus* proceedings not being subject to review at common law, and the prisoners having the right to sue out successive writs and apply to every judge in the realm for discharge, our statute must be strictly construed, and that, giving it a strict construction, it does not reach the instant case. Counsel contends that, construing the statute strictly, it does not reach a case where, as here, the order remanding the prisoners also contains provision for giving recognizance, and therefore the order is not subject to review under sec. 3043, Stats. (1898). It is said that the statute does not expressly prohibit the commencement of a second *habeas corpus* proceeding. But we think the decisions of this court above referred to must be regarded as authority upon the proposition here involved. In *State ex rel. Gaster v. Whitcher, supra,* at page 673, this court said:

"The conclusion reached in the first instance, whether it be by a judge at chambers or a circuit court commissioner exercising the powers of a judge at chambers, within the jurisdiction of the officer to decide at all, is *res judicata* till set aside by some subsequent proceeding in the same matter according to the legal procedure for reviewing judicial errors. *State ex rel. Durner v. Huegin,* 110 Wis. 189, 85 N. W. 1046."

We are therefore of opinion that the order in the first *habeas corpus* proceeding is binding upon the prisoners until

reversed in some proper proceeding. *State ex rel. McCaslin v. Smith,* 65 Wis. 93, 26 N. W. 258; *State ex rel. Durner v. Huegin, supra; State ex rel. Gaster v. Whitcher, supra.*

It follows that the order appealed from must be affirmed.

*By the Court.*—The order is affirmed.