BELLMORE, Plaintiff in error, vs. McLEOD, Defendant in error.     [Habeas corpus.]

*February 12—March 9, 1926.*

*Habeas corpus: To determine custody of child: Rights of parent or guardian: Discretion of court: Judgment of court of sister state.*

1. In a *habeas corpus* proceeding to determine the custody of an infant, the law is not so much concerned about the illegality of the detention as the welfare of the child. p. 433.
2. Such proceedings are equitable in their nature. The question of personal freedom is not involved, and the court is not bound to recognize the mere legal right of a parent or guardian, but should leave the child in such custody as its welfare appears to require. p. 433.
3. Even if there was no valid commitment of a female infant to the custody of a guardian, yet, where the child desired to remain with such guardian, a refusal to give its custody to the mother, who had formerly been delinquent, was not an abuse of discretion. p. 435.
4. In a contest as to the custody of an infant who has reached the age of judgment or discretion, much consideration will be given to its desires. p. 435.
5. The judgment of a county court of another state as to the custody of an infant is not binding on the courts of this state, where the child was removed from the other state with the consent of the county court, that court thereby losing jurisdiction. p. 435.

ERROR to review a judgment quashing a writ of *habeas corpus* of the circuit court for Marinette county: W. B. QUINLAN, Circuit Judge. *Affirmed.*

A writ of *habeas corpus* was issued out of the circuit court on the relation of *Rose Bellmore* against *Mathilda Mc-Leod,* to regain the custody of Josephine O. Blanchette, minor daughter of relator.

*Mathilda McLeod* made return to the writ of *habeas corpus,* alleging that she had the minor, Josephine Blanchette, the person named in said writ, in her custody and now before the court; that said minor had been theretofore, on the 22d of April, 1914, adjudged a neglected child by the probate court of Marquette county, Michigan; that said court thereupon awarded the custody of said child to Sister Beatrice of the Convent of the Little Franciscan Sisters of Mary, at Marquette, Michigan; that thereafter Sister Beatrice, with the consent of said probate court, transferred the custody of said minor to *Mathilda McLeod,* of Marinette, Wisconsin; that on the 11th of September, 1923, *Rose Bellmore* petitioned the circuit court for Marinette county for a writ of *habeas corpus,* alleging that said minor was unlawfully restrained of her liberty by Charles McLeod and *Mathilda McLeod,* and that a writ of *habeas corpus* was thereupon issued; that on September 14, 1923, *Mathilda McLeod* made due return to said petition, and a hearing was held before the circuit court commissioner of Marinette county and evidence taken, whereupon the court denied the petition of *Rose Bellmore* and awarded the custody of said minor to *Mathilda McLeod* and Charles McLeod; that after said hearing the said Charles McLeod died; that thereafter, on March 3, 1924, *Mathilda McLeod* was appointed guardian of said minor by the county court of Marinette county, said minor being at that time over the age of fourteen years; that said *Mathilda McLeod* is a fit and proper person to have the care and custody of said minor, and that said *Rose Bellmore* is an unfit person to have such care and custody. To this return the petitioner demurred. Hearing was had before the circuit court and judgment rendered quashing the writ and remanding the minor to the custody of *Ma-*

*thilda McLeod.* From this judgment the petitioner sued out a writ of error.

For the plaintiff in error there was a brief by *Joseph A. Barly* of Marinette, attorney, and *Jacob S. Rothstein* of Milwaukee, of counsel, and a separate brief and oral argument by *Mr. Barly.*

*Arold F. Murphy* of Marinette, for the defendant in error.

CROWNHART, J. Ordinarily the basis of the issuance of the writ of *habeas corpus* is an illegal detention, but in the case of the writ sued out for the detention of a child the law is not so much concerned about the illegality of the detention as the welfare of the child, and in proceedings in *habeas corpus* for the possession of a minor the question of physical restraint is given little consideration where a lawful right is asserted to retain possession of the child. The ascertainment and enforcement of the custody of minor children by the use of the writ of *habeas corpus* is equitable in its nature, and in such cases the question of personal freedom is not involved, for an infant, from humane and obvious reasons, is presumed to be in the custody of someone until it has attained its majority. The court, when asked to restore an infant, is not bound by any mere legal right of parent or guardian, but is to give it due weight as a claim founded on human nature, and generally equitable and just. The court is in no case bound to deliver a child into the custody of any claimant, but should, in the exercise of a sound judicial discretion after a careful consideration of the facts, leave it in such custody as the welfare of the child at the time appears to require. 12 Ruling Case Law, 1214–1216.

In the instant case it may be conceded that there was no valid commitment of the child to the custody of *Mathilda McLeod* by the probate court of Marquette county, Michigan. We will presume, however, that the proceedings of

the county court were legal in giving the custody of the child to Sister Beatrice. It appears from the record that Sister Beatrice removed to Marinette sometime in 1917, and thereupon transferred the custody of the child to the McLeods, with the consent of the probate court of Marquette county, Michigan. *Rose Bellmore* is the mother of the child and a resident of Michigan.

It further appears that the county court of Marquette county, Michigan, on September 7, 1923, vacated the order and commitment of April 22, 1914, and ordered the custody of the child restored to her mother. Thereafter, upon a *habeas corpus* proceeding instituted by the mother in the circuit court for Marinette county, Wisconsin, before L. M. Evert, circuit court commissioner, judgment was duly entered on the 23d day of October, 1923, awarding the custody of the minor to Mr. and *Mrs. McLeod,* which judgment remains a valid and subsisting judgment.

The circuit court wrote an opinion setting forth in detail the facts in the case, and concluding that the best interests of the child required that she remain in the custody of *Mathilda McLeod.* The child was then more than sixteen years of age, and testified on the hearing that she did not desire to return to the custody of her mother but wished to remain with *Mrs. McLeod.*

The evidence discloses without question that the mother was an unfit person to have possession of the child at the time the child's custody was taken from her. At that time the child was only four years of age. Since then it appears that the mother has reformed, and at the time of the hearing was capable of giving her child a comfortable home. However, the daughter, because of her absence from her mother since early childhood, and because of her mother's former delinquencies and present status in life, has no affection for her mother. On the other hand, the mother appeared to have love for the child. It would serve no use-

ful purpose to embalm the delinquencies of the mother on the printed page. Suffice to say that the evidence amply justifies the circuit court in the exercise of its discretion in awarding the custody of the child to *Mrs. McLeod.*

The court will give much consideration in a case of this kind to the desire of the infant who has reached an age of judgment or discretion. Sec. 3962 (now sec. 319.01, Stats.) ; *In re Goodenough,* 19 Wis. 274, 278.

The plaintiff-in error claims that the order of the county court of Michigan, attempting to restore the custody of the minor to her mother, is binding on the courts of this state. There is no merit to this claim. When the child was removed from the state of Michigan with the consent of the county court, that court lost jurisdiction of the child.

*By the Court.*—The judgment of the circuit court is affirmed.