APPLICATION OF RATTEL: RATTEL, Appellant, vs.
HAYTER and another, Respondents.

*November 10—December 7, 1943.*

For the appellant the cause was submitted on the brief of
*Max E. Geline* of Milwaukee.

*F. E. Withrow* of La Crosse, for the respondents.

MARTIN, J.  On December 31, 1940, a divorce was granted to Dolly Rattel, mother of said children and wife of appellant. The custody of the children, who at the time of the divorce were seven and five years of age, respectively, was awarded to the mother.  Dolly Rattel died February 19, 1942.  She and her children were living at the home of her parents, the respondents herein, at the time of her death.

On March 17, 1942, appellant instituted *habeas corpus* proceedings before R. S. COWIE, judge of the circuit court for La Crosse county, who referred the matter to Otto Schlabach, a court commissioner, to hear, try, and determine the issues. A hearing was had before said commissioner, who on April 11th filed his findings of fact and entered an order, which order, in part, provides as follows:

"It is therefore ordered:
"(1)  That petition of the petitioner Russell Rattel for the custody, care and control and education of June Marie Rattel and Dawn Adele Rattel be, and the same is hereby denied.
"(2)  It is further ordered that the custody, care, control and education of June Marie Rattel and Dawn Adele Rattel, and each of them be, and the same is hereby given to Dora Hayter and Ralph Hayter, grandparents of said children."

In the divorce action the court found that the plaintiff (mother) was a fit and proper person to have the care, custody, and education of the infant children of the parties; that the defendant (father) was not a fit and proper person to have the care, custody, and education of said children.  Court Commissioner Schlabach, in his findings, said:

"In making this decision, the court has in mind the *prima facie* right of a surviving parent to the custody of his children, but the consideration of this presumptive right must yield to the superior consideration of what is clearly for the best interests of the children.  The evidence in this case has satisfied the court that it is clearly not to the best interests of these children that their custody be given to the father."

The court commissioner then finds that the father is unfit to have the care, custody, and education of the minor children. No appeal or proceedings were taken by appellant for review of the findings and order of the court commissioner. On January 9, 1943, the instant proceedings were instituted. The Hon. A. W. KOPP, judge of the Fifth judicial circuit, was designated as the trial judge to hear, try, and determine the issues in said action. Many witnesses testified on behalf of both petitioner and respondents. There are two hundred twenty-five pages of transcribed testimony. In his decision, after quoting the order of Commissioner Schlabach, the court said:

"No proceedings were taken by the petitioner for the review of said order by the circuit court and it stands as an unreversed judgment of said court commissioner in La Crosse county, Wisconsin.

"About nine months later, to wit, the 9th of January, 1943, the present proceedings were instituted by the said Russell Rattel, again alleging in his petition that the said Ralph and Dora Hayter were unlawfully detaining the said children, June and Dawn Rattel. In the petition there is no allegation of changed conditions since the last hearing as to the fitness of Ralph and Dora Hayter to have the custody of such children or of the said Russell Rattel to have such custody, or that the welfare of the children demanded a change of their custody from the grandparents where they now are, with the exception of one allegation. This excepted allegation of changed condition as to petitioner is one on information and belief to the effect that when Court Commissioner Schlabach made his decision a complaint and warrant for subornation of perjury had been issued against him, and that this action was then pending. It was further alleged that the pendency of said complaint and warrant had influenced the court commissioner in making his decision. This allegation is not sustained by the evidence. There is no proof that the complaint had ever been made or warrant issued in the premises. In fact, the proof was to the contrary, viz., that no such complaint had ever been made. In addition, the order of the court commissioner

had never been reversed and this court cannot inquire or guess as to what factors influenced the court commissioner in making his decision. The decision speaks for itself.

"Neither does the testimony produced show any change in any way in the fitness of either of the grandparents or petitioner since the last *habeas corpus* hearing in 1942; nor does said testimony show that the welfare of the children in any manner demands a change of such custody."

Since there was no appeal or proceedings had for a review of the findings and order of Court Commissioner Schlabach, and no evidence showing a change in the status of the petitioner or of the grandparents, the court held that the former *habeas corpus* proceedings were *res adjudicata.* Whereupon, the court entered an order dismissing the petition, and remanded the custody of the two minor children to their grandparents, the respondents herein.

The evidence amply supports the order. An order or judgment in a *habeas corpus* suit is *res adjudicata* as to the persons charged with unlawfully restraining another of his liberty, till reversed in some proper proceeding. *State ex rel. Durner v. Huegin,* 110 Wis. 189, 85 N. W. 1046; *State ex rel. Gaster v. Whitcher,* 117 Wis. 668, 94 N. W. 787; *Heller v. Franke,* 146 Wis. 517, 524, 131 N. W. 991.

In *State ex rel. Gaster v. Whitcher, supra,* page 673, the court said:

"The conclusion reached in the first instance, whether it be by a judge at chambers or a circuit court commissioner exercising the powers of a judge at chambers, within the jurisdiction of the officer to decide at all, is *res judicata* till set aside by some subsequent proceedings in the same matter according to the legal procedure for reviewing judicial errors."

Petitioner relies on sec. 319.03, Stats. Said section provides:

"The father and mother of the minor, if living together, and if living apart then either as the court may determine

for the best interests of the minor, and in case of the death of either parent the survivor being competent *and suitable,* shall be entitled to the custody of the minor, and to the care of his education. If the minor has no father or mother living or he or she or both be incompetent *or unsuitable,* some other person shall be appointed guardian."

In *Bellmore v. McLeod,* 189 Wis. 431, 433, 207 N. W. 699, the court said:

"The ascertainment and enforcement of the custody of minor children by the use of the writ of *habeas corpus* is equitable in its nature, and in such cases the question of personal freedom is not involved, for an infant, from humane and obvious reasons, is presumed to be in the custody of someone until it has attained its majority. The court, when asked to restore an infant, is not bound by any mere legal right of parent or guardian, but is to give it due weight as a claim founded on human nature, and generally equitable and just. The court is in no case bound to deliver a child into the custody of any claimant, but should, in the exercise of a sound judicial discretion after a careful consideration of the facts, leave it in such custody as the welfare of the child at the time appears to require."

In *Custody of Collentine,* 214 Wis. 619, 623, 254 N. W. 118, the court said:

"Of course the right of a surviving father to the custody of his child is not absolute. Such right may never be successfully asserted when it appears that he is unsuitable or his home and surroundings are inimical to the best interests or welfare of the child."

It should be noted that the trial judge held that there was no evidence on the last hearing showing any change in the status of the petitioner from what it was on the former hearing; that there was no change in the fitness of either of the grandparents to have the care, custody, control, and education of said minor children; nor did it appear that the welfare of

.the children in any manner called for a change of such custody. After reciting these facts, the court held that the matter of the custody of the children, upon the present record, was, under the order of Commissioner Schlabach, *res adjudicata.*

*By the Court.*—Order affirmed.