[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision Granting Respondent's Motion to Dismiss and Entering a Judgment of Dismissal
This petition for a Writ of Habeas Corpus (#102) was originally filed on November 12, 1997. On December 18, 2002, the Respondent, Warden of the State Prison, filed a Motion to Dismiss (#108) on the grounds that all of the issues presented in this petition have previously been adjudicated by the Court, White, J., in the Judicial District of Danbury under docket number CV98-0332396. On January 13, 2003, the petitioner filed an Objection to the Motion to Dismiss.[1] A hearing was held before this Court on January 17, 2003, at which time the parties were permitted to argue their respective positions in regard to the respondent's Motion to Dismiss. After a full consideration of the arguments by the parties, both in the written briefs and raised at oral argument, this Court will grant the respondent's Motion to Dismiss. The Court hereby enters a Judgment of Dismissal.
 Factual and Procedural Background
The petitioner was originally committed to the custody of the Commissioner of Corrections in 1992 after a trial before a jury, in which he was convicted of one count of Murder in violation of C.G.S. §53a-54a. On June 14, 1983 the Court, Reilly, J. sentenced him to a total effective sentence of fifty (50) years of incarceration. The petitioner commenced serving that sentence immediately.
The Connecticut Supreme Court decided the petitioner's direct appeal of his conviction on August 23, 1994. His conviction was affirmed. See Statevs. Jaynes, 35 Conn. App. 541, (1994), cert. den. 231 Conn. 928 (1994). Since that time, the petitioner has filed numerous petitions for a Writ of Habeas Corpus. He filed three of these in the Judicial District of Tolland. The first of these petitions was withdrawn, while two of the petitions, Docket Nos. CV97-0002580 and CV97-0002512, are now before this Court. Since both of these petitions alleged ineffective assistance by the petitioner's trial defense counsel, they were consolidated under CT Page 1091 Docket number CV97-0002580. Shortly after filing his habeas petitions in the Judicial District of Tolland, the petitioner filed an additional petition for a writ of habeas corpus, this time in the Judicial District of Danbury. In that petition, the petitioner once again alleged that his conviction was unlawful because he was denied the effective assistance of his trial defense counsel.
Attorney Vicki Hutchinson, a special Public Defender, represented the petitioner in the Danbury habeas petition.[2] For some reason, the Danbury matter, was able to proceed to a trial on the merits before the matter could be heard in this Court. As a result of the proceedings in Danbury, the petition was denied with the Court, White, J., finding that the petitioner had not been denied the effective assistance of trial defense counsel. Consequently, his conviction was not unlawful. The Court, White, J., denied the petitioner a Certification to Appeal. That decision to deny the appeal was affirmed by the Appellate Courts.[3]
The decision of Judge White in Danbury is, therefore, a final decision.
 Discussion of Law
This petitioner has had a full opportunity to attack the effectiveness of the representation he received by his trial defense counsel. That issue was fully litigated before a Superior Court Judge in the Judicial District of Danbury. His petition has been denied. Moreover, the Connecticut Appellate Court has affirmed the denial. See Jaynes vs.Commissioner of Corrections, 70 Conn. App. 904, cert. den. 261 Conn. 912
(2002). Now, the petitioner returns to this Court and seeks to re-litigate the issue of ineffective assistance of his trial defense counsel. While the availability of the petition for a writ of habeas corpus is a particularly important freedom recognized in Anglo-American jurisprudence, it is not an endless well to which one can constantly return time after time. It is clear that, at least, in regard to collateral challenges to his representation at the trial level, the petitioner has fully litigated this ground. Consequently, the motion to dismiss shall be granted.
At common law, one could file multiple and repeated petitions for a writ of habeas corpus, the doctrine of res judicata being inapplicable. "[A] renewed application could be made to every other judge or court in the realm, and each court or judge was bound to consider the question of the prisoner's right to a discharge independently, and not to be influenced by the previous decisions refusing discharge." W. Church, Writ of Habeas Corpus ¶ 386, p. 570 (2nd edition 1893). This was permissible because, at common law, there was no right to appellate review of a denial of a petition for a writ of habeas corpus; consequently, CT Page 1092 successive writs served as a substitute for the right of a petitioner to appeal.
The development of appellate review of the decisions on habeas corpus petitions caused some courts during the early part of the 20th century to question the viability of the common law rule. In fact some states, notably Georgia [see Perry vs. McLendon, 62 Ga. 598 (1879)], South Dakota [see McMahon vs. Mead, 30 S.D. 515 (1912)], and Wisconsin [see ex parteHeller, 146 Wis. 517 (1911)], completely rejected the common law rule and applied the doctrine of res judicata to denials of habeas petitions. The federal courts reaffirmed that while the doctrine of res judicata did not apply to habeas petitions, with the advent of the right to appeal adverse decisions on habeas petitions, the common law rule of endless petitions needed modification. Salinger vs. Loisel, 265 U.S. 224 (1924). Thus began a long series of cases and legislative changes culminating in the decision of the Supreme Court in McCleskey vs. Zant, 499 U. 5. 467 (1991). Now, successive and abusive petitions for writs of habeas corpus may be dismissed.
The determination as to whether the petitioner is abusing the right to file a petition for a writ of habeas corpus lies within the trial court. "[T]he State must plead an abuse of the writ with particularity, and [thereafter] the burden then shifts to petitioner to show that presentation of the new claim does not constitute abuse. [Price vs.Johnston, 334 U. 5. 266 at 292 (1948)]." See Mcleskey vs. Zant, infra. at 482. Here in Connecticut "decisions concerning abuse of the writ are addressed to the sound discretion of the trial court." Iasiello vs.Manson, 12 Conn. App. 268 at 271 (1987). Moreover, the "applicant must, in other words, show that his application does, indeed, involve a different legal ground, not merely a verbal reformulation of the same ground." Williams vs. United States, 731 F.2d 138 at 141 (2nd Circ. 1984). Finally, the "petitioner bears a heavy burden on appeal to show that the trial court abused its discretion" in finding an abuse of the writ. State vs. Morra, 195 Conn. 421 at 437 (1985).
In the instant case, the petitioner has not asserted any new legal ground upon which the Court can offer relief. "Ground must mean `a sufficient legal basis for granting the relief sought.'" Sanders vs.United States, 373 U.S. 1 (1963). Here, the relief sought is a new trial for the petitioner. The petitioner has offered as a legal ground in support of his request that his trial defense counsel, Attorney John Walkley, was ineffective. Clearly, this ground has been dealt with by the Danbury case and the petitioner will not receive another opportunity to attempt to litigate the ineffectiveness of his trial defense counsel. To be sure, the petitioner has attempted to argue that there is different CT Page 1093 evidence that could be offered in support of his assertion that he was denied the effective assistance of trial defense counsel. Nevertheless, the ground upon which relief is sought remains the same.
Even arguing a new piece of evidence is not sufficient. It is settled law that "a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice." McLeskey vs. Zant, infra. at 489. Clearly, "if a prisoner deliberately withholds one of two grounds for federal collateral relief at the time of filing his first application, in the hope of being granted two hearings rather than one, or for some other reason, he may be deemed to have waived his right to a hearing on a second application presenting the withheld ground. . . . Nothing in the traditions of habeas corpus required the federal courts to tolerate needless, piecemeal litigation or to entertain collateral proceedings whose only purpose is to vex, harass, or delay." Sanders vs. United States, at 18. Indeed, even something less than a "deliberate choice" not to raise an issue in the first petition could constitute an abuse of the writ. See, for example,Woodard vs. Hutchins, 464 U. 5. 377 (1984) (no explanation as to why an issue was not raised in the first petition constituted an abuse of the writ), Antone vs. Dugger, 465 U.S. 200 (1984) (hasty preparation of the initial petition that overlooked a ground did not warrant raising that ground in a subsequent petition), and Kuhlmann vs. Wilson, 477 U.S. 436
(1986) (raising grounds in a subsequent petition that were available at the first filing is an abuse of the writ).
A constant re-litigation of issues, in addition to squandering precious judicial resources, undermines the entire criminal justice system. "A procedural system which permits an endless repetition of inquiry into facts and law in a vain search for ultimate certitude implies a lack of confidence about the possibilities of justice that cannot but war with the underlying substantive commands. . . . There comes a point where a procedural system which leaves matters perpetually open no longer reflects humane concern, but merely anxiety and a desire for immobility." Bator, 76 Harv. L. Rev., at 452-453. "Without finality, the criminal law is deprived of much of its deterrent effect." Teague vs. Lane, 489 U. 5. 288 at 309 (1989).
Given all of the foregoing, this Court will find that there are no new grounds[4] stated in this petition that were not previously raised and litigated in the Danbury matter. Moreover, in its exercise of discretion, this Court will find that if the petitioner failed to address the evidence of the statement by Shirley Kelly in the Danbury case, that to attempt to raise it now would be an abuse of the writ of habeas corpus CT Page 1094 through inexcusable neglect.
Accordingly, the Respondent's Motion to Dismiss is Granted
 ___________________ S.T. Fuger, Jr., Judge