JENNIE E. EVANS *vs.* JAMES G. EVANS.

February 18, 1890.

Action for Divorce a Vinculo after a Limited Divorce.—A decree *a mensa et thoro*, entered under the provisions of Gen. St. 1878, c. 62, §§ 30 *et seq.*, and remaining in force, does not bar an action for a divorce *a vinculo matrimonii*, upon any of the grounds specified by statute.

Appeal by plaintiff from a judgment of the district court for Ramsey county, *Kelly*, J., presiding, dismissing her action for a divorce from the bonds of matrimony. The defendant did not appear in the district court or in this court.

*F. H. Ewing*, for appellant.

COLLINS, J. But one question is presented upon this appeal, and that is, does a decree of separation from bed and board forever, made by virtue of the provisions of Gen. St. 1878, *c.* 62, §§ 30 *et seq.*, and still in force, bar an action for a divorce *a vinculo matrimonii*, upon the statutory ground of habitual drunkenness, (Id. § 6, subdiv. 6,) the cause of action having arisen subsequent to the date of the decree *a mensa et thoro*? The court below found as a fact that the defendant had been guilty of habitual drunkenness for the space of one year immediately preceding the filing of the complaint in the case at bar, but refused the relief demanded in the complaint because of the existence of the decree before mentioned from bed and board, and

which had been obtained by plaintiff some four years prior to the exhibition of her complaint herein. Prior to the passage in 1876 of the act authorizing limited divorces, so called, the only form of divorce proceeding provided by statute was one from the bonds, and by which both parties, without regard to cause or guilt, were equally and absolutely liberated from the obligations of the marriage contract. Such divorces were to be granted upon proof of the existence of either of six distinct and specifically mentioned grounds, one of which is that specified in the complaint herein. The statute in question places these separately stated causes of action upon a common level; it makes no attempt to distinguish or discriminate between them; and, if either be established by proper evidence, an unconditional decree must follow. Good morals might suggest that this is unjust, but we take the law as we find it. The statute under which the plaintiff obtained a decree *a mensa et thoro* was not intended to abridge the statute upon the subject of absolute divorce, nor to restrict its operation. To the female only is granted the right of complaint, and she alone can procure the decree. The corresponding privilege is not given an aggrieved husband. The marriage relation is merely suspended as to certain marital rights and relations, not annulled, and, save as they may be regulated by the terms of the decree, property interests remain undisturbed. In case of the death of either party, the survivor becomes a widow or widower, as the case may be. *Dean* v. *Richmond,* 5 Pick. 461; *Hokamp* v. *Hagaman,* 36 Md. 511. And when a decree has been duly announced, the court is powerless to revoke it, except upon the joint application of the persons interested and in case of reconciliation. To hold that a divorce from the bonds cannot be adjudged so long as a decree of separation is in force, would lead to the most surprising results. It would confer upon the wife the power to obtain a perpetual decree *a mensa et thoro* from an offending husband, and thereafter to openly give cause for a divorce *a vinculo,* while the husband, no matter how irreproachable his behavior and character might have become in the mean time, remains without remedy or relief. Such a rule would compel an unfortunate wife to ask for an absolute divorce in the first instance, if she regarded a reconciliation

as doubtful, or that, possibly, she might want, at some time, to be wholly freed from her marriage vows, instead of simply seeking temporary relief and separation, in the hope, perhaps, of such conduct in the future as would warrant a revocation of the decree. The act of 1876 does not expressly provide that a decree under it is in lieu of all other relief, and it is manifest that such was not the intention of the legislators.

The judgment is reversed, and the case remanded, with instructions that judgment be entered as demanded in the complaint.