LAMBERTON, Appellant, vs. LAMBERTON, Respondent.

*September 14—October 3, 1905.*

*Divorce from bed and board for limited time: Judgments: Construction: Abatement of action: Interlocutory judgment: Subsequent proceedings for divorce from bed and board forever.*

A judgment in February, 1899, granted to the plaintiff "a divorce from bed and board for the term and period of *two years* from" its date, awarded to the plaintiff the possession, use, and income of certain property for the term and period of *five years* from its date, and expressly provided that it should not prejudice the right of plaintiff to apply for judgment of divorce from the bonds of matrimony, or from bed and board forever, in the event defendant did not refrain from the use of strong and in-

toxicating liquors and drinks, and that it should not be deemed
to provide for or to be a final distribution and division of the
property of defendant between the parties. *Held:*

(1) Such judgment did not bar the defendant from bed and
board after the termination of the two years.

(2) The action did not abate and go out of court at the ex-
piration of the two years.

(3) The judgment was an interlocutory judgment within the
calls of sec. 2883, Stats. 1898.

(4) On the express ground that the judgment of 1899 was an
interlocutory judgment, the plaintiff was not barred after *two*
years, and within the *five* years, from petitioning the court
for a judgment of divorce and separation from the defendant
from bed and board forever, for a reasonable division of the
property, for reasonable costs and attorney's fees, and for gen-
eral relief.

APPEAL from an order and an order and a judgment of
the circuit court for Racine county: WARREN D. TARRANT,
Judge. *Reversed.*

The plaintiff and the defendant were married August 18,
1875. December 9, 1898, the plaintiff, *Mrs. Lamberton,*
commenced an action in the circuit court against the defend-
ant, her husband, for a divorce—the complaint alleging, in
effect, such marriage and the residence of both parties in this
state; that they had four children, one nineteen years old
and another sixteen years old; that during the marriage the
plaintiff had demeaned herself as the faithful and affectionate
wife of the defendant; that the husband had been an habitual
drunkard for more than five years immediately prior to the
commencement of the action; that during the last year before
the commencement of the action, and especially during the
last three months thereof, he had inflicted cruel and inhuman
treatment on her, and had repeatedly threatened her with
bodily injury; that she was forty-seven years of age and that
he was forty-eight years of age; and contained other allega-
tions in respect to the property, and prayed a divorce from
bed and board forever, and for the custody of the children
and a final division and distribution of the property of the

defendant. The defendant answered by way of admissions and denials. January 25, 1899, the parties · by their respective attorneys stipulated and agreed that, in case a divorce should be granted, then that there should be a division and distribution of the property and the plaintiff and children supported as therein agreed; that at the end of five years from the time of entry of judgment therein, if such judgment should be entered, or any time thereafter, either party thereto might apply to the court for a redistribution of the property rights, to be made ·in such manner as to the court might seem just and agreeable ·to equity; that the defendant reserved therein the right and privilege to visit the members of his. family occasionally, without prejudice to the right of either party; and it was therein mutually agreed that such agreements should take effect and be in force from the time the court should enter judgment in the matter, if any should be so entered. The circuit court thereupon and on February 10,. 1899, found, as matters of fact, such marriage, residence, and children; that during such married life the plaintiff had demeaned herself as a faithful and affectionate wife of the defendant; that for more than one year immediately preceding the commencement of the action the defendant had been an habitual drunkard, and continued to be such; that for more than one year immediately preceding the commencement of the action the defendant had on many occasions, without cause or provocation, grossly abused and ill-treated the plaintiff, and had applied opprobrious epithets to ·her, and had repeatedly threatened her with physical injury, and had been, without any cause or justification or excuse, guilty of cruelty in his treatment of the plaintiff; that his habits and conduct toward the plaintiff had been such as to render it improper for her longer to be compelled to live with him as his wife; that the plaintiff should receive a conveyance and assignment from the defendant of the property therein described; that the plaintiff

should have the possession, use, and income of the homestead farm therein described for five years from that date; that debts should be paid as therein prescribed; that the defendant should have the possession, use, and income of certain of the property as therein mentioned; that the plaintiff should have the custody of the minor children and maintain them; and that the facts, matters, and things stated and set forth in the complaint were true. As conclusions of law the court found "that the plaintiff is entitled to judgment of divorce from bed and board, as against said defendant, for the term and period of two years from this date, and that the defendant should be restrained and enjoined from attempting to make his home with or in any other manner interfering with or annoying the plaintiff, excepting that he be entitled to visit his infant children herein referred to twice in each month and at reasonable hours within the day; the judgment herein not in any manner to prejudice the right of the plaintiff to apply for judgment of divorce from the bonds of matrimony, or from bed and board forever, in the event that the defendant does not refrain from the use of strong and intoxicating liquors and drinks"—and further to the effect that the defendant should convey to the plaintiff the lands mentioned; that the plaintiff have the possession and use of the farm described, with the personal property mentioned, for the period of five years from the date thereof, subject to the payment of the taxes thereon; that the other property be adjudged to the husband; that the wife have the custody and control of the minor children and to provide for them; and further found that the judgment therein should not be deemed to be a final distribution and division of the property of the defendant between the parties thereto, but should be considered by the court upon any further application for division of property between the parties thereto, and ordered judgment accordingly. Thereupon and on February 10, 1899, judgment was entered in accordance with such find-

·ings of fact and conclusions of law, and the same contained, among other things, these provisions:

"That the plaintiff be, and she hereby is, granted a divorce from bed and board for the term and period of two years from and after this date as against said defendant, and he, the said ·defendant, is restrained and enjoined from attempting hereafter during said period to make his home with or in any manner interfering with the plaintiff, excepting only that he shall have the right to visit his infant children twice in each month during the daytime at the home of said plaintiff, if they make their home with her; this judgment not to in any manner prejudice the right of the plaintiff to apply for judgment of ·divorce from the bonds of matrimony, or from bed and board forever, in the event that the defendant does not refrain from the use of strong and intoxicating liquors and drinks."

October 22, 1903, the plaintiff, *Mrs. Lamberton,* petitioned the court for a judgment of divorce and separation from the defendant from bed and board forever, and for a reasonable ·division of the property, and for reasonable costs and attorney's fees, and for general relief, and therein stated the proceedings, findings, and judgment mentioned, and the occurrences and conduct of the defendant after the rendition of that judgment, and, among other things, alleged that the defendant had not refrained from the use of strong and intoxicating liquors and drinks, but continued to use them to excess, as he ·did prior to the rendition of the judgment. Upon such petition the defendant was, on December 8, 1903, ordered to show cause before the court, December 29, 1903, why the prayer of the petition should not be allowed and the petitioner be granted a divorce from bed and board forever from the defendant, and a reasonable division of the property be made, together with costs and general relief. December 29, 1903, the defendant answered such petition and order to show cause, by way of admissions, denials, and counter allegations, and, among other things, denied that he drank or used intoxicating liquors to excess; that since the rendition of said judgment he had not been under the influence of liquor or intoxicated, but

had been temperate in his habits; that he had not been able to work, and had no trade outside of his knowledge of farming; that he had received the income from the trust estate of $26,000 left him by his father; and prayed that the plaintiff be compelled to perform the agreement and stipulation of January 25, 1899. On January 23, 1904, Judge BELDEN, of the First circuit, before whom the proceedings were pending, made an order therein requesting Judge TARRANT, of the Second circuit, to attend and preside at the hearing of the above matter, and to hear, try, and determine the same. A trial thereof having been had, the court orally decided that such petition was a continuation of the former action and that the findings and conclusions of law therein were *res adjudicata,* and that the plaintiff was entitled to a judgment of divorce from the defendant from bed and board forever and for a final division of the property. Thereupon the respective parties prepared and submitted such findings of fact and conclusions of law as they claimed themselves entitled to. At the time of such submission the defendant made objection to the jurisdiction of the court over the subject matter, for the reason that the same had already been terminated in a judgment. After argument upon such objection the court, on January 16, 1905, ordered a new trial therein, without costs, on the ground that the court had no jurisdiction of the subject matter of the plaintiff's petition of October 22, 1903; and thereupon and on January 16, 1905, entered another order and judgment dismissing all proceedings subsequent to the petition of October 22, 1903, without prejudice to the plaintiff's proceeding in accordance with the judgment of February 10, 1899, and in accordance with the law and procedure in such matters proper, without cost to either party. From the order of January 16, 1905, granting a new trial, and from the order and judgment of January 16, 1905, dismissing the proceedings for want of jurisdiction, the plaintiff appeals.

- *W. W. Rowlands,* for the appellant.

For the respondent there was a brief by *Nath. Pereles & Sons* and *Clinton G. Price,* and oral argument by *Mr. Price.*

CASSODAY, C. J.   After hearing the evidence and the argument of counsel on the trial of the issues made by the plaintiff's petition of October 22, 1903, and the defendant's answer thereto, and after the respective parties had requested findings of fact and conclusions of law, which they submitted to the court, and after the court had announced that the evidence fully warranted findings and judgment in favor of the plaintiff, if the court had authority to pronounce such findings and judgment, the defendant moved for a new trial on the ground that the jurisdiction of the court over the subject matter had already been terminated by the judgment of February 10, 1899.   The court sustained the objection, and by order granted a new trial on that ground, and thereupon ordered and adjudged that all proceedings subsequent to such petition be dismissed without prejudice, as mentioned in the foregoing statement.   As stated in the opinion of the trial court and conceded by both parties, "divorce proceedings are the creature of statute law."   *Martin v. Martin,* 112 Wis. 314, 318, 87 N. W. 232, 88 N. W. 215, and numerous cases there cited.   The judgment of February 10, 1899, was based upon findings that the defendant was guilty of cruel and inhuman treatment and that for more than a year immediately preceding the commencement of the action he had been an habitual drunkard. Upon either of such grounds the court might have adjudged "a divorce from the bonds of matrimony."   Subds. 5, 6, sec. 2356, Stats. 1898.   So upon either of such grounds the court was expressly authorized by the statute to adjudge "a divorce from bed and board forever *or for a limited time."*   Sec. 2357, Stats. 1898.   The judgment of February 10, 1899, granted to the plaintiff "a divorce from bed and board for the term and period of *two years* from" the date of that judgment.   That judgment, entered pursuant to the stipulation of the parties

made January 25, 1899, awarded to the plaintiff the right to the possession, use, and income of a large portion of the property for the term and period of *five years* from its date, and expressly provided that it should not prejudice the right of the plaintiff to apply for judgment of divorce from the bonds of matrimony, or from bed and board forever, in the event that the defendant did not refrain from the use of strong and intoxicating liquors and drinks, and that it should not be deemed to provide for or to be a final distribution and division of the property of the defendant between the parties thereto.   Thus the judgment barred the defendant from bed and board for the term of two years and awarded to the plaintiff the possession, use, and income of a large portion of the property for the period of five years.   The plaintiff's petition was filed after the expiration of the two years but before the expiration of the five years.   Of course, the judgment did not bar the defendant from bed and board after the termination of the two years.

Did the action abate and go out of court on the expiration of the two years, February 10, 1901?   Or did it continue in court, with the "right of the plaintiff to apply for judgment of divorce from the bonds of matrimony, or from bed and board forever," in case the defendant did not reform and become a sober man, as provided in the judgment?   Or was the power of the court in that action completely suspended and terminated on the expiration of the two years, regardless of whether the defendant continued to be an habitual drunkard or not?   If the court had no power after the expiration of the two years to grant relief to the plaintiff in that action for such misconduct of the defendant, then would that judgment be a bar to a new action brought by the plaintiff for the same purpose?   If not, then the power of the court would be made to turn upon the form of the proceedings rather than upon the nature of the wrongs complained of.   It is true, as indicated in the opinion of the trial court, that the authority expressly given by statute to revise a judgment of divorce as to the prop-

erty interests of the parties from time to time upon petition, as here, is "founded upon the idea of jurisdiction in the court to award a divorce," and "then to make division or direction respecting the property of the parties." Sec. 2369, Stats. 1898. So the statute, on such petition being filed, expressly authorizes the revision and alteration of "such judgment concerning the care, custody, maintenance and education of the children." Sec. 2363, Stats. 1898. So the statute provides that "a judgment of divorce from bed and board, forever or for *a limited time,* . . . may be revoked at any time thereafter, under such regulations and restrictions as the court may impose, upon the joint application of the parties and their producing satisfactory evidence of their reconciliation." Sec. 2370, Stats. 1898. Besides, the statutes confer upon courts certain powers in general language, as follows:

"The circuit court has jurisdiction of all actions to affirm or to annul a marriage, or for a divorce from the bond of matrimony, or from bed and board, and *authority to do all acts and things necessary and proper in such actions* and to carry *its orders and judgments into execution* as hereinafter prescribed. All such actions shall be commenced and conducted and *the orders and judgments therein enforced according to the provisions of these statutes in respect to actions in courts of record, as far as applicable,* except as provided in this chapter." Sec. 2348, Stats. 1898.

That section is a combination and amendment of secs. 8 and 15, ch. 111, R. S. 1858. It is more general and comprehensive than the sections so amended. Under the statutes so in force prior to such amendment, a wife obtained a judgment of divorce against her husband and for $800 alimony and costs, and the same was docketed, and execution issued thereon and returned unsatisfied, whereupon, and against repeated objections for want of authority, the husband was brought before the county judge on supplementary proceedings and examined, and disclosed the fact that the husband had conveyed his homestead to his father, and thereupon a

receiver was appointed, and the receiver brought the action against the father to set aside such conveyance and obtained favorable findings and judgment, and from that judgment the father appealed to this court, and it was here argued at length that the divorce statutes gave no authority for such supplementary proceedings nor such appointment of a receiver and the maintenance of such action by him. But in an elaborate opinion by DIXON, C. J., after conceding that the court possessed no powers except such as were conferred by statute, the court reached the conclusion that the statute, which declared that "the court shall have power to award issue, to adjudge costs, and to enforce its judgments, as in other cases," gave ample authority for such supplementary proceedings, receivership and action. *Barker v. Dayton,* 28 Wis. 367, 369–378, 380–382.

It has often been said by this court that there can be but one final judgment, and that must dispose of all the issues and rights of the parties. Sec. 2882, Stats. 1898. The Statutes of 1898 made an important amendment to sec. 2883 by adding the following:

"In case of a finding or decision substantially disposing of the merits, but leaving an account to be taken, or issue of fact to be decided, or some condition to be performed, in order fully to determine the rights of the parties, an interlocutory judgment may be made, disposing of all issues covered by the finding or decision, and reserving further questions until the report, verdict, or subsequent finding." *Rehbein v. Rahr,* 109 Wis. 136, 152, 85 N. W. 315; *Garvin v. Crowley,* 116 Wis. 496, 504, 93 N. W. 470.

Here the findings of February 10, 1899, that the defendant was guilty of cruel and inhuman treatment and was an habitual drunkard, substantially disposed of the merits of the action, and the limited divorce from bed and board was, in effect, entered upon condition that the defendant should refrain from the excessive use of strong and intoxicating liquors; and the question whether he so refrained was necessarily reserved

for subsequent determination. After careful consideration we are forced to the conclusion that the judgment of February 10, 1899, was an interlocutory judgment, within the meaning of the amendment to the statutes last quoted; and this decision is based wholly on that ground.

*By the Court.*—The order, and the order and judgment of the circuit court from which the appeal was taken, are both reversed, and the cause is remanded with direction to complete the trial of the issues made by the plaintiff's petition and the defendant's answer thereto, and for further proceedings according to law.

