GRAHAM, Respondent, vs. GRAHAM, Appellant.

*April 25—May 14, 1912.*

*Divorce: Judgment: Interlocutory or final? Limited divorce from bed and board: Power to make absolute.*

1. Actions for divorce are purely statutory, and only such judgments may be entered therein as are authorized by statute.
2. Except in so far as revocation is expressly provided for in secs. 2370, 2375, Stats. (1898), that part of a divorce judgment which grants the divorce is no more to be altered, revised, or set aside after the term at which it is rendered than any other judgment of a court of record.
3. A judgment of divorce from bed and board for a limited time, granted on the ground that the defendant wife was given to intoxication, and providing that at the end of such time either party "may proceed in the action as he or she shall deem for his or her best interest," was not an interlocutory judgment authorized by sec. 2883, Stats. (1898), but a final judgment; and there was no jurisdiction or authority at the end of the time limited to enter a judgment of absolute divorce, even though the trial court intended by the first judgment to reserve the right to grant an absolute divorce upon the record as it stood at that time, in case the parties should not reunite during the period limited.
4. There was in such case no "condition to be performed," within the meaning of said sec. 2883, Stats. (1898). *Lamberton v. Lamberton,* 125 Wis. 616, distinguished.

APPEAL from a judgment of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Reversed.*

The plaintiff in October, 1908, was granted a divorce from bed and board for two years on the ground that the defendant was given to intoxication. The judgment gave the custody of the four minor children of the parties to the defendant, and provided for the payment of certain sums monthly for her support and that of her children. The judgment also provided that at the end of the two years either party "may proceed in the action as he or she shall deem for his or her best interest." It appears by the opinion of the trial judge that at the time of the judgment the defendant had not been using intoxicating liquors since the commencement of the action, a period of a little less than two years. The parties lived separate and apart after the judgment, and in December, 1910, the plaintiff filed his petition alleging only the entry of the original judgment and that the parties had complied therewith, and praying that an absolute judgment of divorce be granted to him. A general demurrer to this petition was overruled, and an answer was filed by defendant alleging improper conduct of various kinds on the part of the plaintiff during the two years, but not alleging adultery, and praying for the dismissal of the proceeding.

After the taking of testimony the trial court found, among other things:

"1. That upon the findings made in the action at the time the interlocutory judgment herein was entered, the plaintiff was entitled to an absolute decree of divorce, and that the intention of the court at that time in and by said interlocutory judgment reserved the right to enter a final judgment upon the record as it stood at that time, upon the application of either party, providing the parties did not unite during the period of such interlocutory judgment.

"2. That more than two years has elapsed since the date of the entry of such interlocutory judgment, and no appeal therefrom has been had and no order has been made or entered

since the date of the entry of said interlocutory judgment changing the status of the parties to this action, that the plaintiff and defendant have not lived or cohabited together since the date of the entry of said interlocutory judgment, and that the parties have not and cannot live together as husband and wife.

"3. That the defendant in this action has not since the commencement thereof been given to the use of intoxicants, that there is nothing in the record of the plaintiff which should prevent the court from granting the relief prayed for in his petition, that he is now performing his duties as a father and has, ever since the decree was entered, to the best of his ability, and that he has devotion for his children and has done what he is doing for the best interests of the children."

Other findings with relation to the property and custody of the children were made and the plaintiff was granted an absolute divorce, also the custody of the eldest son, and required to pay a monthly sum for maintenance, while the defendant was given the custody of the other three children. From this judgment the defendant appeals.

*T. H. Dorr,* for the appellant.

*J. M. Clarke,* for the respondent.

WINSLOW, C. J. A divorce action is purely the creature of statute, and hence the judgment appealed from cannot be justified unless it is authorized by statute. *Boehler v. Boehler,* 125 Wis. 627, 104 N. W. 840. It is plain that the divorce statute itself does not authorize it. The provisions for the revision and alteration of divorce judgments, with respect to the care and support of the children and the allowances of alimony, do not authorize any change in that part of the judgment granting the divorce. Nor do the provisions authorizing revocation of a judgment of limited divorce upon reconciliation of the parties, or of a judgment *a vinculo* upon remarriage, affect the question here. Secs. 2363, 2369, 2370, and 2375, Stats. (1898).

After the expiration of the term at which it is rendered a

divorce judgment is no more to be altered, revised, or set aside, so far as the part which grants the divorce is concerned, than any other judgment of a court of record. *Bassett v. Bassett,* 99 Wis. 344, 74 N. W. 780. These principles were fully appreciated by the trial judge, but he thought that under the doctrine laid down in the case of *Lamberton v. Lamberton,* 125 Wis. 616, 104 N. W. 807, the judgment of limited divorce might properly be regarded as an interlocutory judgment under the provisions of sec. 2883, Stats. (1898).

We are satisfied that this view was erroneous. The statute allows the entry of an interlocutory judgment in three definite contingencies and no more, viz.: (1) when there is an account to be taken; (2) an issue of fact to be decided; or (3) some condition to be performed. It is clear that the first two contingencies have no application. In the *Lamberton Case* it was held that the first judgment granting a limited divorce from bed and board was entered on condition that the defendant should refrain from the use of liquor during the continuance of the limited period, and that if he did not a permanent decree should be entered. This was deemed to be a condition within the meaning of the statute. If the defendant abstained, no further judgment was to be entered; if he did not, the divorce was to be made permanent. The case does not reach the present situation. There was nothing here which can in any proper sense be called a condition to be performed. The trial judge says that his intention was to reserve the right to enter a final judgment on the record as it stood at the time of the interlocutory judgment, providing the parties had not united during the period limited. This left it within the plaintiff's power to secure an absolute divorce by refusing to become reconciled with his wife, and this, too, notwithstanding she might (as in fact she did) completely reform from the use of intoxicants and thus remove all cause for any divorce. It amounts to a provision that the plaintiff may obtain a divorce from his wife by doing that which he ought not to do.

This is not a condition within the meaning of the statute.     It is offering a premium for breaking the marital bond.

It is believed that the *Lamberton Case* went as far as is desirable in applying the provisions of the section authorizing interlocutory judgments to divorce actions.     That case simply held that a court might temporarily refuse an absolute or permanent divorce to the innocent party notwithstanding good cause might be shown, and grant an interlocutory decree for a limited period in order to allow the guilty party to reform, and in case of such a reformation refuse a permanent decree altogether, or in case there was no reformation enter the permanent decree.

We regard the first judgment entered in the present case as a final and not as an interlocutory judgment.     There was therefore no jurisdiction or authority to enter the judgment appealed from.

*By the Court.*—The judgment appealed from is reversed, and the action is remanded with directions to dismiss the petition of the plaintiff.

