## BARBARA KUNZE v. HENRY KUNZE.[1]

### July 14, 1922.

### No. 22,993.

**Decree of separation not a bar to absolute divorce.**

    1. A decree of separation from bed and board forever is not a bar to a subsequent action for absolute divorce on the same ground.

**Wilful desertion after decree of separation.**

    2. Desertion may be predicated on conduct of defendant in such an action after the decree of separation.

Action in the district court for Brown county for absolute divorce. The case was tried before Olsen, J., who dismissed the action. From the judgment of dismissal, plaintiff appealed. Reversed.

*Mueller & Streissguth,* for appellant.

[1]Reported in 189 N. W. 447.

HALLAM, J.

In August, 1913, plaintiff brought an action against defendant for separation from bed and board, on the ground of cruel and inhuman treatment. Defendant answered and the action was tried, and the court found that defendant had treated plaintiff in a cruel and inhuman manner and that his treatment of plaintiff was such as to render it unsafe and improper for her to longer live and cohabit with him, and on March 14, 1914, the court gave judgment of separation from bed and board forever and required defendant to pay plaintiff a sum monthly for her support. Soon after the entry of judgment, defendant left the state and has ever since remained out of the state and he has not paid to plaintiff any part of the alimony or support money required by the judgment to be paid.

In 1921 plaintiff commenced an action against defendant for absolute divorce, alleging as ground the same acts of cruelty as were the basis of the former action and alleging also defendant's conduct since the entry of the former decree as above detailed, and relying on those facts as constituting desertion. The trial court denied plaintiff any relief, apparently on the ground that the former judgment was a bar to this action and that desertion could not be predicated on conduct of defendant after the decree of separation.

Two questions are presented:

First, is a decree of separation from bed and board a bar to a subsequent action for absolute divorce on the same grounds, and

Second, can desertion be predicated on conduct of the defendant after the decree of separation?

1. The first question we answer in the negative.

The practice of granting to married people a decree of separation from bed and board forever, while authorized by our statute is an anachronism. It is authorized in only a few states. It breaks up the home, deprives the parties of the benefits of the marriage relation, yet subjects them to its restrictions. During the continuance of the operation of such a decree both the parties are married and yet separated. They may not lawfully remarry and they may not lawfully cohabit together. As a temporary expedient calculated to bring the parties together again, such a decree of separation may be

useful. As a method of penalizing an erring husband, it may be justified. But as the establishment of a status to continue "forever," it has little to commend it as a matter of public policy (see Nelson, Divorce and Separation, § 1022), and the court should hesitate long to hold that such a decree once entered is immutable, unless the mandate of the law to that effect is unequivocal.

We think there is no such mandate in our statute. The decree may be granted only at the suit of the wife. G. S. 1913, § 7134. It is a mere suspension of the marriage relation as to certain rights and relations. The purpose is to afford protection to the wife and to hold the marriage status, and, with it, the prospect of eventual reconciliation. The statute was not intended to abridge the law on the subject of absolute divorce nor to restrict its operation and a decree of separation is not a bar to a suit for divorce on grounds subsequently accruing. Evans v. Evans, 43 Minn. 31, 44 N. W. 524, 7 L. R. A. 448. The question whether such a decree is a bar to divorce on the same ground has not been decided in this state, but, in the jurisdictions where it has arisen the holding has generally been that a decree of separation is not a bar to divorce on the same ground; that the two remedies are not inconsistent and the doctrine of election does not apply; that the two have different objects and effect, one is in a sense ancillary to the other, the cause of action is not the same, anad there is therefore no merger of the cause of action. Geils v. Geils, 1 Macqueens App. Cas. 255; Allison v. Catley, 11 Scot. Jur. 529; Green v. Green, Law Rep. 3 Prob & Div. 121; Murdock v. Murdock, 148 App. Div. 564, 132 N. Y. Supp. 964; Driver v. Driver, 24 Pa. Dist. R. 250. We adopt this rule.

2. The second question we answer in the affirmative. In Weld v. Weld, 27 Minn. 330, 7 N. W. 267, it was held that desertion could not be predicated on the fact that the wife lived apart from her husband, pursuant to a decree of separation obtained by her. It was there said that desertion imports a wilful abandonment by one party of the other and involves a violation of marital duty and obligation on the part of the one guilty of desertion and that there is not such violation where a wife is living apart from her husband under sanction of a court decree.

While it is true that the mere fact of living apart, which is neither wrongful nor unlawful because sanctioned and authorized by a court decree, cannot be made a ground for divorce, still if, as held in the Evans case, by a decree of separation "the marriage relation is merely suspended as to certain marital rights and relations" but remains operative as to others, it would seem to follow that the complete abandonment of the wife by the husband and the repudiation of those marital obligations which still subsist may constitute desertion.

We hold that though there is a decree of separation obtained by the wife because of the cruelty of the husband, which reserves certain marital duties, the complete abandonment by the husband of his wife and the repudiation of the marital obligations which he still owes her may constitute desertion, and where by the decree of separation the husband is required to contribute to the wife's support, his failure to perform that obligation, his departure and absence for a period of eight years, thus placing himself beyond the reach of reconciliation and beyond the jurisdiction of the court, may constitute wilful desertion within the meaning of our statute. G. S. 1913, § 7111. We find no authority on either side of this proposition, though there is authority to the point that failure to support by a husband able to support constitutes desertion. Hudson v. Hudson, 59 Fla. 529, 51 South. 857, 29 L. R. A. (N. S.) 614, note 618, 138 Am. St. 141, 21 Ann. Cas. 278; Carson v. Carson, 173 Mich. 452, 138 N. W. 1076, 43 L. R. A. (N. S.) 255, and notes; Curlett v. Curlett, 106 Ill. App. 81; High v. Bailey, 107 N. C. 70, 12 S. E. 45.

Judgment reversed.