Szumski, Appellant, vs. Szumski, Respondent.

*December 10, 1936—January 12, 1937.*

*Sydney C. Charney* of Milwaukee, for the appellant.
*Casimir Gonski* of Milwaukee, for the respondent.

MARTIN, J.  The judgment was entered under sec. 247.28, Stats., which provides:

"In a judgment in an action for a divorce, although such divorce be denied, the court may make such order for the support and maintenance of the wife and children, or any of them, by the husband or out of his property as the nature of the case may render suitable and proper."

The appellant contends that under the statute above quoted, a divorce being denied, the court was without power to limit the liability of the husband to support his wife.  Actions for divorce are purely statutory, and only such judgments may be entered as are authorized by statute.  *Boehler v. Boehler,* 125 Wis. 627, 104 N. W. 840; *Graham v. Graham,* 149 Wis. 602, 136 N. W. 162; *In re Grbic,* 170 Wis. 201, 174 N. W. 546, and cases cited.

In *Estate of Simonson,* 164 Wis. 590, 594, 160 N. W. 1040, the court said:

"Upon the assuming of the relationship of husband and wife the law requires the husband to support and provide for his wife, such requirement being grounded upon principles of public policy, and the husband cannot shirk it even by an express contract with his wife."  Citing *Rowell v. Barber,* 142 Wis. 304, 318, 125 N. W. 937; *Ryan v. Dockery,* 134 Wis. 431, 114 N. W. 820; *Perkinson v. Clarke,* 135 Wis. 584, 591, 116 N. W. 229.

The parties in the instant case are still husband and wife. To sustain the judgment entered, we would have to give to the plain and unambiguous language of sec. 247.28, Stats., a construction wholly unwarranted.  By its enactment, the legislature did not intend that the courts should have the power to exempt a husband from liability for the support of his wife.  The judgment in the instant case provides that, after making payments of $30 per month for a period of two years, or after having paid the total sum of $720 to the plaintiff, the defendant husband be relieved from further support-

ing or contributing to the support of his wife. A husband cannot shirk his obligation to support and provide for his wife even by an express contract with the wife. *Estate of Simonson, supra.*

Obviously, the trial court was of the opinion that it had power under the statute quoted to relieve the husband entirely from all obligation for the support of his wife after making the monthly payments required for a period of two years or until the total sum of $720 had been paid. Clearly there is no such authority in the statutes.

The appellant contends that the allowance to her for counsel fees was inadequate. That, however, is a matter largely within the discretion of the trial court, and we cannot say that the court erred in fixing the attorney fees at $100.

That part of the judgment appealed from must be reversed and the record remanded for further proceedings according to law.

*By the Court.*—That part of the judgment appealed from is reversed. Record remanded for further proceedings according to law.