Dovi, Appellant, vs. Dovi, Respondent.

*February 14—March 14, 1944.*

For the appellant there were briefs by *Rubin, Zabel &
Ruppa,* attorneys, and *Wm. B. Rubin* and *N. Ruppa* of coun-
sel, all of Milwaukee, and oral argument by *Mr. Rubin* and
*Mr. Ruppa.*

For the respondent there was a brief by *Joseph M. Picker,* attorney, and *Eugene L. McIntyre* of counsel, both of Milwaukee, and oral argument by *Mr. McIntyre.*

ROSENBERRY, C. J.   Inasmuch as there is no bill of exceptions, the matter is here upon the record and the only question is whether the pleadings and the findings sustain the judgment.   The plaintiff contends that the judgment of the court awarding the custody of the children to the defendant is a nullity for the reason that the court had no jurisdiction to enter such a judgment, a divorce having been denied both parties.   This contention raises a question of first impression in this state and one upon which there is a substantial division of authority.

Prior to 1943 it was provided by sec. 247.28, Stats. 1931 :

"In a judgment in an action for a divorce, although such divorce be denied, the court may make such order for the support and maintenance of the wife and children, or any of them, by the husband or out of his property as the nature of the case may render suitable and proper."

In *Kusick v. Kusick* (1943), 243 Wis. 135, 9 N. W. (2d) 607, decided May 18, 1943, this court held that where in an action for divorce a divorce had been denied but a judgment had been entered awarding the custody and providing for the support of the minor children of the parties, the court had jurisdiction of that matter and could not be deprived of it by the circuit court of another circuit in a subsequent action for divorce between the parties.

In the last days of the first session of the 1943 legislature, by amendment to a revisor's bill intended for the correction of certain errors and defects in various acts of the 1943 legislature theretofore passed, which became ch. 553, Laws of 1943, sec. 247.28, Stats., was repealed by sec. 36a of that chapter.   The repeal was brought about by those who thought that the decision in *Kusick v. Kusick, supra,* created an undesirable situation.   Careful and thoughtful consideration of

the whole subject as against the situation in one case might have led to a different result.

It has been urged that the repeal of sec. 247.28, Stats., not being germane to the general purposes of the act, it should be held inoperative as there was no revisor's notation indicating that it was the purpose and intent of the revisor's bill to do more than to correct errors in the acts of the legislature theretofore passed. While bills submitted to the legislature by the revisor of the statutes and enacted into law stand upon a different footing than other acts of the legislature as regards construction, they nevertheless are acts of the legislature, and where there is no ambiguity such acts must be applied as they read even though the revisor may have made a mistake or had in his notes indicated that there was no intention to work a change in the law. There is no ambiguity in sec. 36a, ch. 553, Laws of 1943. Sec. 247.28 was repealed. *Kugler v. Milwaukee* (1932), 208 Wis. 251, 255, 242 N. W. 481. In this respect the *Kugler Case* is almost identical with the present case.

The plaintiff contends that sec. 247.28, Stats., having been repealed, the court was without jurisdiction to enter a judgment respecting the custody and maintenance of the minor children of the parties. The plaintiff cites to our attention a number of cases to the effect that in Wisconsin it has long been held that the courts of this state have no common-law jurisdiction over the subject of divorce and that their authority is confined altogether to such express and incidental powers as are conferred by statute. *Barker v. Dayton* (1871), 28 Wis. 367; *Bassett v. Bassett* (1898), 99 Wis. 344, 74 N. W. 780; *Boehler v. Boehler* (1905), 125 Wis. 627, 104 N. W. 840; *Graham v. Graham* (1912), 149 Wis. 602, 136 N. W. 162; *Szumski v. Szumski* (1937), 223 Wis. 500, 270 N. W. 926. Such is undoubtedly the law.

Sec. 247.28, Stats., had its origin in sec. 33, ch. 79, of the statutes of 1849. In the beginning it applied only in actions for divorce from bed and board. It was, however, amended

by ch. 323, Laws of 1909, so as to apply to all actions for divorce. By reason of this section the question presented in this case has not heretofore arisen in this state. In order to reach a decision in this case it will be necessary for us to consider briefly the nature of the power sought to be conferred upon a divorce court by sec. 247.28. If the court had only such jurisdiction as was conferred upon it by that section, then of course the repeal of the section took away the jurisdiction of the court.

The question has arisen in other jurisdictions and there is a split of authority upon the question. Cases are collected in a note, 35 L. R. A. (N. S.) 1159 (1912), where it is said the cases are quite evenly divided. The whole subject is fully considered in a note to *Urbach v. Urbach* (1937), 52 Wyo. 207, 73 Pac. (2d) 953, 113 A. L. R. 901. The following states hold that the court has such jurisdiction: Alabama, Arkansas, California, Kentucky, Louisiana, Missouri, New Jersey, and Texas. *Contra:* Illinois, Georgia, Iowa, and New York. The question is really not so much one of divorce law as it is of equity jurisdiction. The fundamental question is, whether a court of equity will take jurisdiction over personal rights as distinguished from property rights. We do not find it necessary to make an extended investigation upon this subject on our own account. The matter was fully explored by the supreme court of the state of Missouri in *In Matter of Badger* (1920), 286 Mo. 139, 226 S. W. 936, 14 A. L. R. 286, to which is appended a note. In that case a wife filed a bill in equity against her husband for maintenance and the custody of their three minor children. A decree was rendered in her favor. In the Kansas city court of appeals the judgment of the trial court was affirmed and the custody of the children awarded to the mother. 204 Mo. App. 252, 224 S. W. 41. Application for *certiorari* to the supreme court was denied. The husband refused to comply with the judgment and was adjudged guilty of contempt. The petitioner there-

upon applied to the supreme court for a writ of *habeas corpus* alleging a lack of jurisdiction of the trial court in equity to entertain a proceeding and to award the custody of the minor children.   The writ of *habeas corpus* was quashed. The opinion in the case is a scholarly and exhaustive treatment of the subject in which we fully concur.   On the authority of that case and for additional reasons hereafter stated, it is considered that a court of equity has jurisdiction of personal rights, including those of infants, and it is further held that such jurisdiction may be exercised in divorce actions as well as in other actions of an equitable nature. Sec. 247.28, Stats., regulated the exercise of the equity jurisdiction of the court.   It did not confer jurisdiction upon the court.   The court receives its jurisdiction from the constitution, hence the legislature cannot take it away.

In the state of New York it is held that if a divorce is refused no jurisdiction remains in the exercise of which the court may award the custody of children but it is held that the matter may be brought before a court of equity upon petition.   Judge CARDOZO wrote the opinion.   Among other things, the court said:

"We find no sufficient reason for discarding this historic remedy and establishing in its place, or even as a supplement, a remedy by action.   The difference is more than formal. The chancellor in exercising his jurisdiction upon petition does not proceed upon the theory that the petitioner, whether father or mother, has a cause of action against the other or indeed against anyone.   He acts as *parens patriae* to do what is best for the interest of the child.   He is to put himself in the position of a 'wise, affectionate and careful parent' . . . and make provision for the child accordingly."   *Finlay v. Finlay* (1925), 240 N. Y. 429, 433, 148 N. E. 624, 40 A. L. R. 937.

Despite this and other cases not so well considered, we discover no sound reason for requiring the parents who are

before a court of competent jurisdiction to be dismissed therefrom and compelled to resort to an ancient equity practice.

In this state the rights of parents in children are by statute equal. Sec. 6.015 (1), Stats., declares:

"Women shall have the same rights and privileges under the law as men in the exercise of suffrage, freedom of contract, choice of residence for voting purposes, jury service, holding office, holding and conveying property, care and *custody of children,* and in all other respects. . . ."

This section of the statutes was fully considered in *Wait v. Pierce* (1926), 191 Wis. 202, 209 N. W. 475, 210 N. W. 822, 48 A. L. R. 276.

At common law, in the absence of a valid decree holding otherwise, the father was entitled to the custody of his children. Prior to the enactment of sec. 6.015, Stats., in 1921, the right of the father had become a mere *prima facie* right yielding readily when shown that it is inimicable to the welfare of the child which is the controlling consideration. *Jensen v. Jensen* (1919), 168 Wis. 502, 170 N. W. 735. Proceedings relating to the custody of a child are equitable in their nature. *Bellmore v. McLeod* (1926), 189 Wis. 431, 207 N. W. 699; *Application of Rattel* (1943), 244 Wis. 261, 12 N. W. (2d) 135; 25 Am. Jur. p. 204, sec. 80, and cases cited.

At common law in England the jurisdiction of divorce actions was in the ecclesiastical tribunals which had no jurisdiction to determine the custody of the children. 2 Bishop, Marriage and Divorce, p. 461, sec. 1185, and cases cited. Special jurisdiction in behalf of children was in the court of chancery.

It is said in *Thomas v. Thomas* (1911), 250 Ill. 354, 95 N. E. 345, in which it was held that where a divorce was denied, the court had no jurisdiction to adjudge the custody of the children, that no case had ever been filed in England

or in this country. This is probably true as respects a bill in equity as between husband and wife, but that the protection of infants even from their parents is one of the exceptions to the limitation under discussion and constitutes one of the well-established grounds for the exercise of equity jurisdiction in the protection of personal rights is also true. See the cases cited in *In Matter of Badger* (1920), 286 Mo. 139, 226 S. W. 936, 14 A. L. R. 290, where the matter is fully discussed.

Under our law husband and wife have a right to maintain actions against each other. From what has already been said, it is apparent that when a statute was passed authorizing equity courts in divorce actions to determine the custody of children, it merely made applicable to divorce actions a jurisdiction which equity courts already possessed and which might have been exercised without the aid of a statute. In view of the division of authority in states where the question had arisen, the statute served a useful purpose because it made for certainty. Whether courts of equity in this state should now exercise that power is the question here for decision. Whether the power can be exercised in a state where jurisdiction to grant divorce is committed to a court of equity, which already has jurisdiction to protect the interest of a child, is matter of judicial opinion. This phase of the matter is fully discussed in *Thomas v. Thomas, supra,* in the opinion of the court and in the dissenting opinion by Justice CARTER.

After consideration of the authorities it is considered and held that courts of equity have such jurisdiction and that, where the question is presented to a court of equity in a divorce action and a divorce is denied, the court may properly exercise that jurisdiction. As we have seen, divorces and custody of children were not in the same court at common law. We have no court corresponding to the English ecclesiastical court. In this country the matter of divorce was committed of necessity to courts of equity but when courts of equity

were awarded that jurisdiction over divorce actions equitable principles applied. As was said in *Rooney v. Rooney* (1896), 54 N. J. Eq. 231, 242, 34 Atl. 682, where the question was considered:

"The equitable nature of the suit [divorce] being established, and it being brought in a court of equity, it seems to me that it should be dealt with upon the same equitable principles as other suits founded upon ordinary equities."

In *Power v. Power* (1903), 65 N. J. Eq. 93, 101, 55 Atl. 111, a case where divorce was denied and custody of children determined, the court said:

"I think, under the practice of New Jersey adopted in these cases, that it was perfectly germane to that petition of the wife for the husband to set up this counter petition, so as to get affirmative relief [custody of children] against her negative relief. Without that he would only have got negative relief, but with that cross petition he is entitled to affirmative relief. It is germane to the suit, just as germane and much more so as a cross petition for divorce . . . would be."

While there are respectable authorities to the contrary we consider that the better rule and one more in accord with the practice and the law of this state is that adopted by the supreme court of Missouri in *In Matter of Badger, supra.*

In announcing the conclusion we have reached it is considered that no legislative declaration of public policy has been violated. While the legislature repealed the entire section, including that part relating to provision for children in cases where divorce is sought from bed and board, nothing has happened in recent time to affect public policy in respect to an act of the legislature which has been in force for nearly a hundred years. The statute provided a specified procedure for enforcing the liability of a father to support his children and fixing the right to their custody. It is procedural in char-

acter. The repeal of sec. 247.28, Stats., left the jurisdiction and procedure of the courts where it was before the statute was enacted.

In her complaint the plaintiff asked "that she have the care, custody and control of the children, both temporary and permanent." In his counterclaim the defendant asked that he be awarded the care and custody of the children of the parties. It was held in *Urbach v. Urbach, supra,* that the question need not be presented by the pleadings. We do not have that question here. The court made no award of alimony to the plaintiff. While some of the cases intimate that a wife under a married-woman statute such as ours may maintain a direct action against her husband for maintenance, that question is not presented and we do not consider it.

The respondent moved to dismiss the appeal on the ground that the plaintiff and appellant is in contempt of court. No contempt proceedings have been begun against the plaintiff. Under the peculiar circumstances of this case, however, the court is of the view that the matter should be disposed of upon the merits, and for that reason the motion will be denied.

*By the Court.*—Judgment affirmed, and motion to dismiss denied.