WEBER, Appellant, vs. WEBER, Respondent.

*October 4—November 8, 1950.*

GEHL and BROADFOOT, JJ., dissent.

614

*Edward T. Berkanovic* of Milwaukee, for the appellant.

For the respondent there was a brief by *Jeremiah J. Kelly*, divorce counsel, and oral argument by *L. G. Barnes,* both of Milwaukee.

FAIRCHILD, J. An action for an absolute divorce differs decidedly from one in which a party is seeking a partial suspension of the marriage relation and providing for a legal separation, that is, a divorce from bed and board. The reason for a judgment providing for the latter arrangement is that it leaves hope for a reconciliation. The questions which arise in actions of this nature involve investigations which are properly of a judicial nature, and the jurisdiction over the particular action is confined to the tribunal authorized to treat with such matters. It is strictly a judicial proceeding under the limitations fixed by legislative act.

The action brought by the wife in which judgment was entered on the 8th day of March, 1948, was for divorce from bed and board. The judgment entered was not an interlocutory judgment. This legal separation which is provided for in the judgment has not been disturbed by any subsequent conduct on the part of either party. There has been evidently a change of mind, the appellant here now desiring absolute divorce. Because the judgment entered in her first action

and on her particular complaint is a final judgment passing upon the very facts which are now presented as a new cause of action, her complaint must be dismissed as decided by the trial court.

The question of the right to maintain this action as here presented was treated in the case of *Graham v. Graham,* 149 Wis. 602, 604, 605, 136 N. W. 162, in an opinion by the late Chief Justice WINSLOW, in which he said: "A divorce action is purely the creature of statute," and he ruled that after the expiration of the term at which a final judgment is entered, even in a case of this nature where the result prayed for was a divorce from bed and board, "is no more to be altered, revised, or set aside, so far as the part which grants the divorce is concerned, than any other judgment of a court of record."

Sec. 247.33, Stats. 1947, reads:

"In all cases of divorce from bed and board for any of the causes specified in section 247.08, the court may decree a separation forever thereafter, or for a limited time, as shall seem just and reasonable, with a provision that in case of a reconciliation at any time thereafter, the parties may apply for a revocation or suspension of the decree; and upon such application the court shall make such order as may be just and reasonable."

Under sec. 247.07 (7), Stats. 1947,—

"A divorce from the bond of matrimony may be adjudged . . . :

"(7) Whenever the husband and wife shall have voluntarily lived entirely separate for the space of five years next preceding the commencement of the action, the same may be granted at the suit of either party. And such living apart for five years or more, pursuant to a decree of divorce from bed and board, without request during that period by either party to the other in good faith for a reconciliation and revocation of said judgment, shall not be any bar to an absolute divorce upon this ground at the suit of either party; provided further, however, that no divorce absolute upon this ground

shall be granted unless six months of such separation shall be subsequent to the time when this act shall go into effect."

This provision for separation has been incorporated into our divorce law and recognizes that the marriage relation under a divorce for bed and board is merely suspended as to certain marital rights. They are not annulled. They are regulated by the terms of the decree. But property rights and interests remain undisturbed. It appears that in the case of the death of either party the survivor is the widow or widower, as the case may be, but when "such living apart for five years or more, pursuant to a decree of divorce from bed and board, without request during that period by either party to the other in good faith for a reconciliation and revocation of said judgment, shall not be any bar to an absolute divorce upon this ground at the suit of either party." Sec. 247.07 (7), Stats.

*By the Court.*—Judgment affirmed.

GEHL, J. (*dissenting*). This appeal presents a question of first impression in this state. It has been considered, however, by the courts of other jurisdictions, and, as appears from the annotation in 138 A. L. R. 367, a majority of those courts have held that a decree for a limited divorce does not bar a subsequent action by the same plaintiff for an absolute divorce founded upon the same acts which were offered as grounds for the first decree. The author of the note observes that "there is only scant authority in support of a contrary rule."

True, we are not bound by the decisions of foreign tribunals, but we may accept them as an aid in determining an original proposition, particularly where the reasoning upon which they are based is persuasive. Obviously, the reasoning, upon which the cases of other jurisdictions which hold that the first action is not a bar to the second is based, does not persuade the majority.

They persuade me, however, and therefore I must respectfully dissent. It would be presumptuous for me to attempt to elaborate upon what the courts have said with respect to the question or to attempt to improve upon the language used by them in expressing reasons for their conclusions. Therefore, I content myself with quoting their language.

A wife had obtained a decree of limited divorce on the ground of adultery and subsequently brought an action in a Scottish court for an absolute divorce founded upon the same acts of adultery. The husband's defense was that the first decree was a bar to the second action, and the court said:

" . . . the two remedies are collateral—they are directed to distinct objects and have totally different effects; and therefore, the circumstances of this lady [plaintiff] pursuing a remedy for the purpose of obtaining protection against being compelled to cohabit with her husband, either during a given time, or an indefinite time, is quite consistent with the proceedings which she afterwards instituted to dissolve the marriage." *Geils v. Geils,* 1 Macq. H. L. Cas. 255, 275.

"The practice of granting to married people a decree of separation from bed and board forever, while authorized by our statute, is an anachronism. It is authorized in only a few states. It breaks up the home, deprives the parties of the benefits of the marriage relation, yet subjects them to its restrictions. During the continuance of the operation of such a decree both the parties are married and yet separated. They may not lawfully remarry and they may not lawfully cohabit together. As a temporary expedient calculated to bring the parties together again, such a decree of separation may be useful. As a method of penalizing an erring husband, it may be justified. But as the establishment of a status to continue "forever," it has little to commend it as a matter of public policy (see Nelson, Divorce and Separation, sec. 1022), and the court should hesitate long to hold that such a decree once entered is immutable, unless the mandate of the law to that effect is unequivocal.

"We think there is no such mandate in our statute. The decree may be granted only at the suit of the wife. G. S. 1913,

sec. 7134. It is a mere suspension of the marriage relation as to certain rights and relations. The purpose is to afford protection to the wife and to hold the marriage status, and, with it, the prospect of eventual reconciliation. The statute was not intended to abridge the law on the subject of absolute divorce nor to restrict its operation and a decree of separation is not a bar to a suit for divorce on grounds subsequently accruing. *Evans v. Evans,* 43 Minn. 31, 44 N. W. 524, 7 L. R. A. 448. The question whether such a decree is a bar to divorce on the same ground has not been decided in this state, but, in the jurisdictions where it has arisen the holding has generally been that a decree of separation is not a bar to divorce on the same ground; that the two remedies are not inconsistent and the doctrine of election does not apply; that the two have different objects and effect, one is in a sense ancillary to the other, the cause of action is not the same, and there is therefore no merger of the cause of action." *Kunze v. Kunze,* 153 Minn. 5, 6, 189 N. W. 447.

Nor is there any such mandate as the Minnesota court refers to in our statutes which makes a decree for a limited divorce immutable.

The majority looks to sec. 247.07 (.7), Stats., as support for its conclusion, and reads out of its provisions a legislative declaration that in a situation such as we have here the first decree is a bar to the second except under the circumstances in the statute set forth, that is, that only where the separation has continued for five years pursuant to a decree for limited divorce and there has been no good-faith request during that period by one of the parties to the other for a reconciliation may an absolute divorce be granted. I cannot agree that the statute may be so construed.

The relief there provided adds to the grounds upon which an absolute divorce may be had, but does not provide that only upon the grounds there stated may an absolute divorce be granted following a decree *a mensa et thoro*.

I am authorized to state that Mr. Justice BROADFOOT concurs in this dissent.