KLINGER, Appellant v. KLINGER, Respondent

(109 N.W.2d 633)

(File No. 9875. Opinion filed June 28, 1961)

**Henry C. Mundt**, Sioux Falls, **George W. Wuest, Danforth, Bleeker & Carlson**, Mitchell, for Plaintiff and Appellant.

**Shandorf & Slocum**, Mitchell, for Defendant and Respondent.

ROBERTS, J. This is an appeal from a judgment dismissing the husband's complaint and granting the wife's counterclaim for divorce. Plaintiff sought a divorce on the grounds of desertion and extreme cruelty. To the counterclaim plaintiff filed a reply alleging that defendant had obtained a judgment of separate maintenance and that such judgment was a bar to the present action.

The parties were married at Chamberlain, South Dakota, on November 1, 1955. Plaintiff, 59 years of age, was a resident of Hanson County, this state, and defendant, 49 years of age, was a resident of California. It was his fifth and her fourth marriage. The trial court found that plaintiff was possessed of real and personal property valued at about $42,000; that at the time of marriage defendant had property of the net value of $29,000; and that at the date of the divorce decree such value had diminished to about $20,000. The trial court awarded the defendant wife $4,280.17 to reimburse her for damages to certain personal property, the

value of personal property in possession of plaintiff and belonging to the defendant, advancements and money expended in connection with the farm home of the plaintiff and money contributed by her toward the living expenses of the parties while residing in this state. The court awarded the further sum of $1,000 as alimony. It was decreed that the parties retain their respective properties except as the decree otherwise provides.

In the action brought by the wife for separate maintenance the judgment was entered July 28, 1958. The judgment based on a finding of extreme cruelty granted the wife the right to live separate and apart from her husband and directed the payment to her of alimony in the amount of $100 a month. There was no appeal from that judgment. The wife in her counterclaim in the present action alleges as a basis for divorce the same facts of cruelty as alleged in the action for separate maintenance and also subsequent conduct of the husband. The court found the issue of extreme cruelty in accordance with the decree in the separate maintenance action. SDC 14.0727 provides: "Though judgment of divorce is denied, the court may in an action for divorce provide for maintenance of the wife and her children, or any of them, by the husband. An action for separate maintenance may be maintained without request for divorce, upon any grounds which would be grounds for divorce, and in such cases the court shall have power to award temporary alimony, suit money, and permanent support for the wife and her children, or any of them, by the husband." An absolute divorce terminates the marriage relation. SDC 14.0701. A decree of separate maintenance does not dissolve the marital bond. The primary purpose of obtaining separate maintenance is to enforce the husband's duty of support. In jurisdictions where the question has arisen "the holding has generally been that a decree of separation is not a bar to divorce on the same ground, that the two remedies are not inconsistent and the doctrine of election does not apply, that the two have different objects and effects, one is in a sense ancillary to the other, the cause of action is not the same, and there is therefore no merger

of the cause of action." Kunze v. Kunze, 153 Minn. 5, 189 N.W. 447, 448, 25 A.L.R. 1045; Williams v. Williams, 33 Ariz. 367, 265 P. 87, 61 A.L.R. 1264; Murdock v. Murdock, 148 App. Div. 564, 132 N.Y.S. 964. Contra to this conclusion is the case of Weber v. Weber, 257 Wis. 613, 44 N.W.2d 571, cited by plaintiff. We are in accord with the conclusion of the trial court that the decree in the separate maintenance suit in favor of the wife was not a bar to an absolute divorce based on the same ground.

■■ Complaint is made that the trial court erred in finding that defendant "did out of her own personal funds contribute toward the living expenses of plaintiff and defendant in South Dakota, and did advance certain sums of money for the use and benefit of the plaintiff, and did pay out of her own personal funds for the improvement of the home on plaintiff's Hanson County farm, and that the amount of such advancements, payments and contributions amounted to at least $2,893.17". An itemized statement totaling that amount was received in evidence. It is claimed that this statement was not correct and that it included items that were not for the use and benefit of the plaintiff. In divorce actions, the adjustment of property rights of the parties is wisely left to the broad discretion of the trial court. SDC 14.0726; Kuehn v. Kuehn, 74 S.D. 521, 55 N.W.2d 70; Kressly v. Kressly, 77 S.D. 143, 87 N.W.-2d 601. It is conceded that the court had authority to award to the wife an amount to compensate for contributions that she may have made for the use and benefit of the husband. On the record before us, it appears that the trial court did not base the finding in question alone on the items included in the itemized statement. The trial court points this out in a memorandum opinion reviewing at length the testimony.

We find no prejudicial error or abuse of discretion by the trial court. The judgment below is accordingly affirmed.

All the Judges concur.