# IN RE the CUSTODY OF D.M.M.: F.P.R., Appellant,

## v.

# J.M., Respondent. †

Court of Appeals

*No. 85–1792. Submitted on briefs December 3, 1985.—*
*Decided December 18, 1985.*
(Also reported in 382 N.W.2d 73.)

† Petition to review granted.

For the appellant the cause was submitted on the brief of *David H. Bennett* and *Bennett & Bennett* of Portage, and *Alan J. White* and *Helland Law Offices* of Wisconsin Dells.

For the respondent the cause was submitted on the brief of *Mary Gibson-Glass* and *Legal Action of Wisconsin, Inc.,* of Madison.

Before Gartzke, P.J., Dykman and Eich, JJ.

EICH, J.   F.P.R. appeals from an order denying her petition for court-ordered visitation with D.M.M., her grandniece. The sole issue is whether sec. 767.245, Stats., authorizes trial courts to order visitation for persons other than the child's parents, grandparents or great-grandparents. Because the plain language of sec. 767.245 limits the exercise of visitation rights to those listed in the statute—parents, grandparents and great-grandparents—we affirm.

Shortly after D.M.M. was born, her parents requested that appellant, the child's great-aunt, assume custody. Appellant did so and eventually was appointed D.M.M.'s guardian. D.M.M. remained in appellant's custody for nearly seven years. Then in June, 1984, the guardianship was terminated and the child was returned to her mother. Appellant petitioned for visitation rights and the trial court, relying on sec. 767.245, Stats., denied the petition.

■

Actions affecting the family are statutory proceedings. Wisconsin courts have no common-law jurisdiction over the subject matter; "their authority is confined altogether to such express and incidental powers as are conferred by [the legislature]." *Dovi v. Dovi,* 245 Wis. 50, 53, 13 N.W.2d 585, 587 (1944).

The right to seek court-ordered visitation with minor children, like the right to sue for custody, is wholly governed by statute. And where, as here, the legislature has spoken as to the manner in which courts may exercise jurisdiction over that subject matter, "the legislative will must be carried out and [the] power limitations adhered to." *In re Marriage of Groh v. Groh,* 110 Wis.2d 117, 123, 327 N.W.2d 655, 658 (1983).

■

Visitation is controlled by sec. 767.245, Stats., and the plain language of that statute limits those entitled to visitation to parents, grandparents, and great-grandparents.[1]

It is true, as appellant points out, that prior to 1977, courts derived their authority to grant visitation from the custody statute then in effect, sec. 247.24, Stats., for there was at that time no specific statute dealing with visitation. *Weichman v. Weichman,* 50 Wis.2d 731, 734–35, 184 N.W.2d 882, 884 (1971). Because sec. 247.24(1)(b), Stats. (1975), provided that cus-

---

[1] The statute provides in pertinent part as follows: " (1) a parent is entitled to reasonable visitation rights unless . . . visitation would endanger the child's . . . health. . . . (4) The court may grant reasonable visitation privileges to a grandparent or greatgrandparent . . . if the court determines that it is in the best interests . . . of the child."

tody could be granted to a welfare agency or "a relative" if both parents were deemed unfit, the supreme court came to view the authority to grant visitation as running to "other relatives," including a child's aunts. *Id.* at 734, 184 N.W.2d at 884; *Gotz v. Gotz,* 274 Wis. 472, 477, 80 N.W.2d 359, 362 (1957).

Then, in 1977, the legislature enacted a comprehensive revision of the Family Code, which included the creation of sec 247.245 (now 767.245 ), Stats., a separate statute governing visitation. Ch. 105, Laws of 1977. That statute mentions only parents, grandparents and great-grandparents as those to whom visitation privileges may be accorded.

Application of the doctrine of *expressio unius est exclusio alterius* to sec. 767.245, Stats., compels the conclusion that the legislature's failure to specifically confer the authority to grant visitation to persons other than grandparents and great-grandparents is evidence of a legislative intent to deny that authority.[2] The right to visitation is no less a creature of the legislature than the right to custody. By enacting sec. 767.245, Stats., the legislature nullified the visitation rights of persons other than parents, grandparents and great-

---

[2] Appellant refers to various bill drafting documents and other items of legislative history relating to the 1977 family law revisions in support of her argument that the former right to visitation by persons other than members of the child's immediate family continues to exist despite the enactment of sec. 767.245, Stats. However, where, as here, the language of the statute is clear and unambiguous, we may not resort to extrinsic aids to determine the intended meaning. *Tahtinen v. MSI Ins. Co.,* 122 Wis.2d 158, 166, 361 N.W.2d 673, 677 (1985).

grandparents which existed under prior court decisions.

*By the Court.*—Order affirmed.